A CERTIFIED TRUE COPY
ATTEST

By Tanisha Spinner on Oct 09, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Oct 09, 2009

FILED
CLERK'S OFFICE

IN RE: ZICAM COLD REMEDY MARKETING
AND SALES PRACTICES LITIGATION

MDL No. 2096

## TRANSFER ORDER

**Before the entire Panel**: Plaintiff in an action in the Western District of Missouri has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings in the Western District of Missouri of ten purported consumer class actions, as listed on Schedules A and B. Those actions are pending as follows: two actions in the Southern District of California and one action each in the District of Arizona, the Eastern District of Arkansas, the Central District of California, the Southern District of Florida, the Northern District of Illinois, the Southern District of Illinois, the Southern District of Mississippi and the Western District of Missouri.[1]

Moving plaintiff, along with plaintiffs in the Central District of California and the District of Arizona actions, opposes centralization of any actions alleging personal injury claims. Responding defendants[2] support centralization of all actions in the District of Arizona. Plaintiffs in the Southern District of Florida *Rhodes* potential tag-along action oppose centralization. Plaintiffs in the Northern District of Illinois *Hohman* action oppose inclusion of their action in any centralized proceedings and, alternatively, support centralization in the Northern District of Illinois. The remaining responding plaintiffs variously support centralization in the previously mentioned districts or the following: the Central District of California, the Southern District of California, or the Southern District of Florida.

---

[1] In addition to the ten actions now before the Panel, the parties have notified the Panel of 30 related actions pending in the following districts: six actions in the District of Arizona, five actions in the Eastern District of Texas, two actions each in the Southern District of Florida and the District of Massachusetts, and an action each in the Middle District of Alabama, the Northern District of California, the District of Colorado, the Northern District of Florida, the Northern District of Georgia, the District of Hawaii, the Middle District of Louisiana, the Eastern District of Michigan, the Eastern District of New York, the Western District of New York, the Eastern District of North Carolina, the District of Puerto Rico, the Eastern District of Tennessee, the Southern District of Texas, and the Eastern District of Washington. These actions and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Matrixx Initiatives, Inc., and its subsidiaries Zicam, LLC, and Zicam Swab, LLC (collectively Zicam defendants).

- 2 -

On the basis of the papers filed and hearing session held, we find that all actions except the Northern District of Illinois *Hohman* action involve sufficient common questions of fact, and that centralization of nine actions under Section 1407 in the District of Arizona will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The nine actions share factual questions regarding, *inter alia*, the marketing and sale of three Zicam nasal cold remedy products[3] and injuries sustained by the use and/or purchase of those products, particularly whether the products cause anosmia (the loss of sense of smell). Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs in the Southern District of Florida *Rhodes* potential tag-along action oppose centralization, *inter alia*, because (1) there are too few actions to merit centralization, and (2) few efficiencies will arise from centralization. Based on the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. This litigation already consists of nine overlapping nationwide or statewide putative class actions brought on behalf of purchasers of the three Zicam cold remedy products. Transfer of these related actions under Section 1407 will foster a pretrial program that: (1) allows pretrial proceedings with respect to any non-common issues, such as the details concerning individual injuries, to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and (2) ensures that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. If the *Rhodes* plaintiffs have specific objections to transfer of their action, then they can advance such arguments by moving to vacate the conditional transfer order encompassing their action.

We also decline to separate purported consumer class actions from other actions alleging only personal injury. Centralization of all actions in this docket will allow a single judge to structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common parties and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions. *See In re Department of Veterans Affairs (VA) Data Theft Litigation*, 461 F.Supp.2d 1367, 1368-69 (J.P.M.L. 2006).

Unlike the other actions in this docket, the Northern District of Illinois *Hohman* action centers on allegations that defendants possess no scientific evidence to support their claims regarding the efficacy of eight Zicam products. *Hohman* does not include the issue of whether the three Zicam products involved in the other actions cause anosmia. With respect to *Hohman*, we are persuaded that any factual questions that the action may share with the other actions are insufficient to warrant transfer at the present time.

We are persuaded that the District of Arizona is an appropriate transferee forum. This district is preferred by several plaintiffs and the Zicam defendants. These defendants are based within the

---

[3] Zicam Cold Remedy Nasal Gel, Zicam Cold Remedy Gel Swabs and Zicam Cold Remedy Swabs, Kids Size.

- 3 -

District of Arizona, and relevant documents and witnesses are likely found there. In addition, centralization in the District of Arizona will allow for coordination of the federal actions with related litigation pending in Arizona state court.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Arizona are transferred to the District of Arizona and, with the consent of that court, assigned to the Honorable Frederick J. Martone for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

IT IS FURTHER ORDERED that transfer under Section 1407 of the Northern District of Illinois action listed on Schedule B is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Robert L. Miller, Jr. | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | |