**WO**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| *IN RE: ZICAM COLD REMEDY MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION* | Case No. 2:09-md-2096 |
| | ORDER |
| THIS DOCUMENT RELATES TO ALL ACTIONS | |

Upon the motion of the Economic Injury and Personal Injury Plaintiffs for appointment of an organizational structure and it appearing to the Court that the appointment of an organizational structure is necessary for the efficient administration of this case, and after hearing on February 25, 2010, it is hereby ORDERED as follows:

**I.   APPOINTMENT AND ORGANIZATION OF PLAINTIFFS' COUNSEL**

    **A.   <u>Appointment of Co-Lead Class Counsel for All Economic Injury Plaintiffs</u>**

Pursuant to Fed. R. Civ. P. 23 (g)(3), Andrew S. Friedman of Bonnett, Fairbourn, Friedman & Balint, P.C. and Thomas Rosenfeld of Goldenberg Heller Antognoli & Rowland, P.C. are appointed as Interim Co-Lead Class Counsel to act on behalf of the Plaintiffs and proposed Class members in the Economic Injury Actions. The Economic Injury Actions include all actions that seek certification of a Class of plaintiffs for economic losses associated with the purchase of Zicam products, including the following actions transferred to this Court by the MDL Panel, as well as all other actions now pending or hereinafter filed in, removed to or

transferred to this Court which are predicated upon an economic injury claim: *Roper v. Matrixx Initiatives, Inc.*, No. 09-08110; *Thrasher v. Matrixx Initiatives, Inc.*, No. 09-00475; *Sample v. Matrixx Initiatives, Inc.*, No. 09-04524; *Teperson v. Matrixx Initiatives, Inc.,* No. 09-01358; *Tassi v. Matrixx Initiatives*, No. 09-1450; *Gonzalez-Jones v. Matrixx Initiatives, Inc.*, No. 09-21836; *Fessler v. Matrixx Initiatives, Inc.*, No. 09-00485; *Hammett v Matrixx Initiatives, Inc.*, No. 09-00391; *Riepe v. Matrixx Initiatives, Inc.*, No. 09-04122; *Sitzes v. Matrixx Initiatives, Inc.*, No. 09-0318; *Capiro v. Matrixx Initiatives, Inc.*, No. 09-22262; *Hand v. Matrixx Initiatives, Inc.*, No. 09-00122; *Buszta v. Matrixx Initiatives, Inc.*, No. 09-13059; *Siferd v. Matrixx Initiatives, Inc.*, No. 09-413; *Suhr v. Matrixx Initiatives, Inc., et al.*, No. 09-02353; *Young v. Matrixx Initiatives, Inc.*, No. 09-755 (hereinafter the "Economic Injury Actions"). As Interim Co-Lead Class Counsel for the Economic Injury Actions, Messrs. Friedman and Rosenfeld shall maintain a current list of all Economic Injury Actions.

**B.     Appointment of Lead Counsel for All Personal Injury Plaintiffs**

The Court appoints Charles Zimmerman of Zimmerman Reed, PLLP as Lead Counsel to act on behalf of the Personal Injury Actions. The Personal Injury Actions include all actions that seek compensation for physical harm associated with the use of the Zicam products, including the following actions transferred to this Court by the MDL Panel, as well as all other actions now pending or hereinafter filed in, removed to or transferred to this Court which arise from the same alleged facts: *Nelson v. Matrixx Initiatives, Inc., et al*., No. 09-02904; *Lilak v. Matrixx Initiatives, Inc.,* No. 09-02107; *Rhodes v. Matrixx Initiatives, Inc., et al*., No. 09-22032; *Yamasaki v. Matrixx Initiatives, Inc., et al*., No. 09-00427; *Ayotte v. Matrixx Initiatives, Inc., et al.,* No. 09-11351; *Alt v. Matrixx Initiatives, Inc., et al.,* No. 09-11387; *Coleman, et al. v. Matrixx Initiatives, Inc., et al.*, No. 09-02838; *DiGiulio v. Matrixx Initiatives, Inc., et al*., No. 09-00134;

*Newman, et al., v. Matrixx Initiatives, Inc., et al.,* No. 09-00066; *Brandon v. Matrixx Initiatives, Inc., et al.,* No. 09-00008; *Echols v. Matrixx Initiatives, Inc., et al.,* No. 09-00213; *King v. Matrixx Initiatives, Inc., et al.,* No. 09-00232; *Head v. Matrixx Initiatives, Inc., et al.,* No. 09-00234; *Griffin v. Matrixx Initiatives, Inc., et al.,* No. 09-00267; *Marian Wright v. Zicam, LLC, et al.*, No. 09-02131; *Nuss v. Matrixx Initiatives, Inc., et al.*, No. 09-00511 *Luten v. Matrixx Initiatives, et al.*, No. 09-02560; *Smith v. Matrixx Initiatives, Inc., et al.*, No. 09-02564; *Ballew v. Matrixx Initiatives, Inc., et al.,* No. 09-02321 and *Wright v. Matrixx Initiatives, Inc., et al.,* No. 09-02561 (hereinafter the "Personal Injury Actions"). As Lead Counsel, Mr. Zimmerman shall maintain a current list of all Personal Injury Actions.

### C.     **Responsibilities of Lead Counsel**

1. Interim Co-Lead Class Counsel for the Economic Injury Actions and Lead Counsel for the Personal Injury Actions are expected to maintain communications and promote harmonious dealings among all Plaintiffs' counsel for their respective actions. Interim Co-Lead Class Counsel for the Economic Injury Actions also shall coordinate with each other as required during the course of pretrial proceedings. Interim Co-Lead Class Counsel for the Economic Injury Actions shall be responsible for and have plenary authority to provide general supervision of the activities of Plaintiffs' counsel in the Economic Injury Actions. Lead Counsel for the Personal Injury Actions shall be responsible for and have plenary authority to provide general supervision of the activities of Plaintiffs' counsel in the Personal Injury Actions. Specifically, Interim Co-Lead Class Counsel shall have the authority in the Economic Loss Actions and Lead Counsel shall have the authority in the Personal Injury Actions to:

   a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs on matters arising during pretrial proceedings;

b. Coordinate and conduct discovery on behalf of Plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g) and any discovery and scheduling orders that the Court may issue, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

c. Host or co-host a common document depository for the Plaintiffs and monitor the review of documents to ensure proper performance and non-duplication of effort;

d. Coordinate the selection and preparation of expert witnesses for the Plaintiffs;

e. Conduct settlement negotiations on behalf of Plaintiffs;

f. Delegate specific tasks to other counsel and appoint such informal committees of counsel as necessary to ensure that pretrial preparation for the Plaintiffs is conducted efficiently and effectively;

g. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

h. Prepare and distribute periodic status reports for the Plaintiffs to the Court and/or the parties;

i. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

j. Perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court.

2. Interim Co-Lead Class Counsel for the Economic Injury Actions and Lead Counsel for the Personal Injury Actions also shall maintain lists of all Plaintiffs' counsel and their respective addresses and will be responsible for receiving and distributing to all Plaintiffs' counsel in the action all notices, orders and other communications from the Court.

3. No pleadings or other papers shall be filed or tasks performed by Plaintiffs' Counsel in the Economic Injury Actions without the advance approval of Interim Co-Lead Class Counsel for the Economic Injury Actions. No pleadings or other papers shall be

filed or tasks performed by Plaintiffs' Counsel in the Personal Injury Actions without the advance approval of Lead Counsel for the Personal Injury Actions. No discovery shall be conducted by the Economic Injury Plaintiffs without the advance approval of Plaintiffs' Interim Co-Lead Class Counsel for the Economic Injury Actions and no discovery shall be conducted by the Personal Injury Plaintiffs without the advance approval of Plaintiffs' Lead Counsel for the Personal Injury Actions. This is intended to prevent duplication of pleadings, discovery or tasks by Plaintiffs' counsel. All pleadings or other papers filed with the Court on behalf of any Plaintiff in the Economic Injury Action shall be filed through Interim Co-Lead Class Counsel for the Economic Injury Actions and all pleadings or other papers filed with the Court on behalf of any Plaintiff in the Personal Injury Action shall be filed through Lead Counsel for the Personal Injury Actions.

4. All Plaintiffs' counsel in the Economic Injury Actions shall submit to Interim Co-Lead Class Counsel for the Economic Injury Actions as appropriate a record of time expended and expenses incurred in the manner, form and frequency directed by Interim Co-Lead Class Counsel for the Economic Injury Actions. All Plaintiffs' counsel in the Personal Injury Actions shall submit to Lead Counsel for the Personal Injury Actions as appropriate a record of time expended and expenses incurred in the manner, form and frequency directed by Lead Counsel for the Personal Injury Actions.

**D.** **Designation of Cases and Pleadings**

Consistent with the requirements set forth in paragraph C(3) of this Order, Interim Co-Lead Class Counsel for the Economic Injury Actions and Lead Counsel for the Personal Injury Actions shall file Notices of Case Designations as new cases are docketed in the MDL identifying which cases have been deemed Economic Injury Actions or Personal Injury Actions. Defendants shall file any objections to such designations within 14 days after the filing of such Notice of Case Designation.

All pleadings filed in connection with this case shall designate which group of cases the pleading relates to by designating in the caption of the pleading one of the following:

1. This pleading applies to the Economic Injury Actions;

2. This pleading applied to the Personal Injury Actions; or

3. This pleading applies to All Actions.

### E. Steering Committees

The Personal Injury Plaintiffs' pretrial activities in this case will be managed by the Personal Injury Plaintiffs' Steering Committee. The Court grants Lead Counsel for the Personal Injury Actions 30 days from the date of this Order to designate the members of the Personal Injury Plaintiffs' Steering Committee. The members of the Personal Injury Plaintiffs' Steering Committee shall from time to time consult with Lead Counsel for the Personal Injury Actions in coordinating the Personal Injury Plaintiffs' pretrial activities and planning for trial.

### F. Plaintiffs' Liaison Counsel

The Court designates the following counsel to serve as Plaintiffs' Liaison Counsel: Andrew S. Friedman of Bonnett, Fairbourn, Friedman & Balint, P.C. for the Economic Injury Plaintiffs and Charles S. Zimmerman of Zimmerman Reed, PLLP the Personal Injury Plaintiffs. Plaintiffs' Liaison Counsel shall communicate and coordinate to ensure the orderly and efficient prosecution of all cases. Where possible, Plaintiffs' Liaison Counsel will advance joint discovery requests and motions related to discovery issues. Further, Plaintiffs' Liaison Counsel shall serve as intermediaries between Plaintiffs' Counsel for the Economic Injury and Personal Injury Actions and the Court.

## II. APPOINTMENT OF LEAD COUNSEL FOR ALL DEFENDANTS

The court appoints William J. Maledon and David B. Rosenbaum of Osborn Maledon, Alan J. Lazarus of Drinker Biddle & Reath, and Paul J. Giancola of Snell & Wilmer as co-lead counsel for all Defendants, including retailers.

## III. NOTICE OF SUBSEQUENTLY FILED CASES

This Order shall apply to each case arising out of the same or substantially the same transactions or events which are subsequently filed in, removed to or transferred to this Court, unless a party objecting to any provision of this order files an application for modification within ten days after such party receives a copy of this Order and this Court deems it appropriate to grant the application.

## IV. ADMISSION OF ATTORNEYS

All attorneys of record to the parties who appeared in actions in a transferor court prior to transfer to this MDL need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing of any United States District Court are admitted to practice in this litigation pursuant to Rule 1.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. The requirements of Local Rule of Civil Procedure 83.1(b)(3) are waived, except as to lead and liaison counsel. Association of local counsel is not required. Counsel are expected to familiarize themselves with prior court orders and proceedings as well as the local rules of the District of Arizona.

## V. PRESERVATION OF EVIDENCE

During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer and electronically generated and stored information that is reasonably anticipated to be subject to discovery in this action. Nothing in this paragraph is intended to change or otherwise modify the parties' obligations under the Federal Rules of Civil Procedure.

## VI. SERVICE OF DOCUMENTS

The parties will comply with the Electronic Case Filing (ECF) Administrative Policies and Procedures Manual for the District of Arizona for all documents submitted for filing before this court. Service through ECF shall be deemed sufficient with no additional service required. For documents to be served but not filed, service on Interim Co-Lead Class Counsel for the Economic Injury Actions and Lead Counsel for the Personal Injury Actions constitutes service on all other attorneys or parties for whom such counsel acts and service may be made electronically pursuant to Fed. R. Civ. P. 5(b)(E), written consent of Interim Co-Lead Class Counsel for the Economic Injury Actions and Lead Counsel for the Personal Injury Actions having been obtained.

## VII. COMMUNICATION AMONG COUNSEL

The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation. Accordingly, the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity. Similarly, the mere communication of information among and between counsel for Defendants shall not be deemed a waiver of any applicable privilege.

## VIII. MISCELLANEOUS

Counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in this action.

Dated this 26th day of February, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge