**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: Zicam Cold Remedy Marketing, Sales Practices and Products Liability Litigation., | No. MDL 09-md-2096-PHX-FJM  **Rule 16 Scheduling Order** |
| This Document Relates to: All Actions | |

On February 25, 2010, we held a comprehensive scheduling conference under Rule 16, Fed. R. Civ. P. We considered the parties' Jointly Proposed Case Management Plan (doc. 144) (the Plan). We granted the unopposed requests for the appointment of lead and liaison counsel.

Our Order of February 1, 2010 (doc. 120) solicited deadlines for key events, with the goal of concluding the MDL no later than July 2011. The parties could not reach agreement and divided themselves into two plans: one for the economic injury cases and another for the personal injury cases. Moreover, they included in their Plan deadlines for intermediate events that are not ordinarily the subject of an order.

We agreed with counsel that the class certification issue and the *Daubert* issues must be resolved first because they have the potential for ending the cases. The Plan's proposal for the economic injury cases falls off after the class and *Daubert* issues are resolved, perhaps in recognition that the cases are likely to be either dismissed or settled after that point. The Plan's proposal for the personal injury cases reflects divergent views on how to

proceed. Defendants propose a series of trials for test cases. Plaintiffs propose a summary jury trial for settlement purposes. The court advised the parties that it was not persuaded that either approach was desirable. We wanted a simple, clean plan that relies on its firmness to promote resolution. Drawing from the proposals and building on the court's own experience, we concluded that a unitary plan for all cases is best suited for bringing these cases to conclusion in a fair but timely way. Accordingly, we developed the following plan and enter it under Rule 16. It applies to both economic injury cases and personal injury cases.

1. March 22, 2010. Deadline for the filing of a consolidated class action complaint.

2. April 1, 2010. Deadline for initial disclosures under Rule 26(a), Fed. R. Civ. P.

3. April 15, 2010. Deadline for motions to amend or join additional parties, including retailers.

4. April 22, 2010. Deadline for responsive pleading to consolidated class action complaint.

5. June 1, 2010. Deadline for responsive pleadings in personal injury cases.

6. July 15, 2010. Deadline for disclosure of all Plaintiffs' expert testimony under Rule 26(a)(2), Fed. R. Civ. P., including the reports required by Rule 26(a)(2)(B).

7. August 16, 2010. Deadline for Class Certification motion.

8. August 16, 2010. Deadline for disclosure of all Defendants' expert testimony under Rule 26(a)(2), Fed. R. Civ. P., including the reports required by Rule 26(a)(2)(B).

9. October 15, 2010. Deadline for Memorandum in Response to Motion for Class Certification.

10. October 15, 2010. Deadline for disclosure of Plaintiffs' rebuttal expert testimony.

11. November 1, 2010. Deadline for filing all *Daubert* motions.

12. December 1, 2010. Deadline for all Memoranda in Response to *Daubert* motions.

13. December 1, 2010. Deadline for Reply to Memorandum in Response to Motion for Class Certification.

14. December 15, 2010. Deadline for Reply to Memoranda in Response to *Daubert* motions.

15. January 21, 2011 at 2:00 PM MST. Oral Argument on class certification motion and *Daubert* motions.

16. February 1, 2011. Deadline for completion of all non-case specific discovery.

17. March 1, 2011. Deadline for filing all dispositive motions. See LRCiv. 56.1.

18. April 1, 2011. Deadline for filing all memoranda in response to dispositive motions. See LRCiv 56.1.

19. April 15, 2011. Deadline for filing all Replies to memoranda in response to dispositive motions.

20. May 6, 2011 at 2:00 PM MST. Oral Argument on all dispositive motions.

21. June 6, 2011. Goal for deciding all dispositive motions.

22. July 1, 2011. To the extent that cases have not been dismissed, resolved by summary judgment or settled: (1) as to District of Arizona cases, set deadlines for completion of case specific discovery, final supplementation under Rule 26(a)(3), Fed. R. Civ. P., proposed pre-trial order date, final pre-trial conference and firm trial date; (2) as to cases from other districts, recommend that the Judicial Panel on Multidistrict Litigation remand them to their respective transferor districts for setting deadlines for the completion of case specific discovery, final supplementation under Rule 26(a)(3), Fed. R. Civ. P., proposed pre-trial order date, final pre-trial conference and a firm trial date.

The parties are encouraged to cooperate with each other in ensuring compliance with this order. There will be no extensions to the deadlines for the class certification motion, the *Daubert* motions, and case dispositive motions due to case processing problems, discovery disputes, expert problems, settlement negotiations and the like.

Written motions must comply with LRCiv 7.2. Page limits serve the important purpose of promoting clarity. With tight editing and clear thinking all motions can fit within the page limits imposed by LRCiv 7.2(e). Motions to exceed the page limits are most often denied.

Discovery motions are usually a sign that someone is using poor judgment. Good lawyers know when to hold them and when to fold them. Given the quality of the lawyers

1  here, the court does not expect to see any discovery motions. If we are wrong, discovery
2  motions, responses and replies are limited to two pages each.
3      The court renews its offer to select a United States Magistrate Judge to conduct a
4  master settlement conference. However, the settlement process, whether by Magistrate Judge
5  in-house, or by outside mediator, shall be in parallel play with this order. Thus, there is a
6  premium on engaging in settlement discussions sooner rather than later.
7      The court looks forward to working with counsel in a collaborative way to ensure the
8  success of this MDL.
9      DATED this 10th day of March, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge