UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: ZICAM COLD REMEDY MARKETING SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION,<br><br>THIS DOCUMENT RELATES TO:<br><br>C.A. No . 2:10 c v 644-FJM<br><br>BECKY NEWMAN and CHARLES NEWMAN<br>Plaintiffs,<br><br>MATRIXX INITIATIVES, INC., ET AL<br>Defendants. | MDL DOCKET NO. 09-2096-FJM<br><br><br><br><br><br>PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1) |

Plaintiffs, Becky Newman and Charles L. Newman, make the following disclosures pursuant to F.R.Civ.P., Rule 26(a)(1). This disclosure is based on the information reasonably available to Plaintiffs at this time. Plaintiffs' investigation, trial preparation and document review continue. Therefore, Plaintiffs reserve their rights under the Federal Rules of Civil Procedure to supplement this disclosure should additional information become available. Plaintiffs do not waive their right to object to the production of any document or tangible thing disclosed herein on the basis of any privilege, including the attorney-client privilege, work-product doctrine, settlement discussions, undue burden or any other valid objection.

1. **Witnesses:** Those persons presently believed to possess knowledge of facts relating to Plaintiffs' claims are:

1

a) Plaintiff Becky Newman

b) Plaintiff Larry Newman

c) Diagnostic Radiology Consultants
Department 888303
Knoxville, TN 37995
(888) 824-7818
Medical treatment of Plaintiff.

d) Kirk Rogers, D.O.
1751 Gunbarrel Road, Suite 100
Chattanooga, TN 37421
(423) 776-8541
Medical Treatment of Plaintiff.

e) Peter Hunt, M.D.
Associates in E.N.T.
1000 E. Third Street, Suite 102
Chattanooga, TN 37403
(423) 267-6738
Medical Treatment of Plaintiff.

2. **Documents Supporting Claims & Defenses:** The identification of a document, data compilation or a tangible thing should not be interpreted as a statement by Plaintiffs that the identified item will be used as an exhibit at trial. Moreover, the inclusion of a document, data compilation or a tangible thing should not be interpreted as a waiver of attorney-client privilege or any other privilege or grounds for exclusion that may apply. Further, the absence of a document, data compilation, or tangible thing from the documents identified below should not be interpreted as a statement by Plaintiffs that such items are not relevant and will not be used as exhibits at trial. As discovery, investigation and trial preparation progress, Plaintiffs will supplement this disclosure to the extent required by the Federal Rules of Civil Procedure.

Those documents presently believed to contain information relating to Plaintiffs' claims are:

      a)      Medical records and bills from Diagnostic Radiology Consultants, Department 888303, Knoxville, TN 37995.

      b)      Medical records and bills from Kirk Rogers, D.O., 1751 Gunbarrel Rd, Suite 100, Chattanooga TN 37421.

      c)      Medical records and bills from Peter Hunt, M.D., Associates in ENT, 1000 E. Third Street, Suite 102, Chattanooga, TN 37421.

Medical records from Ms. Newman's providers have been requested and will be furnished to Defendants when received.

      3.      **Documents Regarding Damages Computations:** Those documents presently believed to contain information relating to Plaintiff's damages and injury calculations are:

      a)      Medical records and bills from Diagnostic Radiology Consultants, Department 888303, Knoxville, TN 37995.

      b)      Medical records and bills from Kirk Rogers, D.O., 1751 Gunbarrel Rd, Suite 100, Chattanooga TN 37421.

      c)      Medical records and bills from Peter Hunt, M.D., Associates in ENT, 1000 E. Third Street, Suite 102, Chattanooga, TN 37421.

Plaintiffs' monetary damages are not known at this time. In addition to medical bills and lost wages, the Plaintiffs allege that they are also due monetary damages compensable under Tennessee law for personal injury damages which are alleged to have been suffered by Plaintiffs.

      4.      **Copies of Insurance Agreements Which may Be Available to Satisfy Any Judgment Obtained:**

Plaintiffs have major medical coverage with Blue Cross Blue Shield of Tennessee which has paid a portion of their medical expenses incurred as a result of using the Defendant's product. Future medical expenses may also be incurred. Although neither the Plaintiffs nor counsel has received a subrogation notice, from counsel for the Plaintiffs' previous experience, Blue Cross Blue Shield of Tennessee generally asserts subrogation rights to any recovery made by the Plaintiffs from the Defendants.

                                        SCARBOROUGH, FULTON & GLASS, P.C.

By:   /s/ David J. Fulton
David J. Fulton, #6102
Attorney for Debtor
701 Market Street, Suite 1000
Chattanooga, Tennessee 37402
(423) 648-1880

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The below listed parties will be served by email, fax or regular U.S. Mail on this 1st day of April, 2010. Parties may access this filing through the Court's electronic filing system.

Alan Lazarus
VIA EMAIL: ZicamService@dbr.com

David Rosenbaum
VIA EMAIL: drosenbauman@omlaw.com; kdourlein@omlaw.com

Paul Giancola
VIA EMAIL: pgiancola@swlaw.com; pcwarner@swlaw.com

Charles Zimmerman
VIA EMAIL: gregory.lawrence@zimmreed.com

By: /s/ David J. Fulton
David J. Fulton