1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| *IN RE: ZICAM COLD REMEDY MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION*<br>_____<br><br>THIS DOCUMENT RELATES TO:<br><br>All Cases | Case No. 2:09-md-02096 FJM<br><br>**CASE MANAGEMENT ORDER NO. 2**<br><br>**RE:**<br><br>**(1) FACT DISCOVERY OF DEFENDANTS ON ISSUES OF GENERAL APPLICABILITY;**<br>**(2) DEPOSITION PROTOCOL;**<br>**(3) CASE-SPECIFIC DISCOVERY OF PERSONAL INJURY PLAINTIFFS;**<br>**(4) CASE-SPECIFIC DISCOVERY OF ECONOMIC INJURY PLAINTIFFS; AND**<br>**(5) MISCELLANEOUS** |

        The Court has before it the "Stipulation and Joint Motion for Entry of Case Management Order No. 2" (doc. 320).  CMO No. 2 sets forth the proposed procedures for fact discovery of defendants on issues of general applicability, deposition protocol, as well as a proposed schedule and protocol for conducting case-specific fact discovery of plaintiffs in all cases transferred to MDL 2096.  It is ORDERED GRANTING the Joint Motion, with some edits and modifications. (doc. 320).

**I.      FACT DISCOVERY OF DEFENDANTS**

        Discovery addressed to defendants shall be governed by applicable Federal Rules of Civil Procedure and Local Rules except as otherwise provided herein or in any previous

or subsequent orders of this Court.  The Court is advised that fact discovery has been conducted against defendants Matrixx Initiatives, Inc. ("Matrixx"), Zicam, LLC ("Zicam") and Botanical Laboratories, Inc. ("Botanical") (collectively "Matrixx Defendants" or "Company") in state and federal cases over the last several years and that Defendants have already produced to Lead Counsel for the Economic Injury and Personal Injury Plaintiffs (collectively "Plaintiffs" unless otherwise indicated) their production set of documents consisting of approximately 104,000 documents and 629,000 pages.  The Court is further advised that Matrixx Defendants have also produced all of their written discovery responses, expert reports and deposition transcripts of Company and Company-related witnesses generated in federal and state court cases involving allegations that Matrixx Defendants' products caused anosmia.  The Court is aware that various retailers who allegedly sold products of Matrixx and Zicam are named as defendants in some cases ("Retail Defendants").

A.    Completion of Fact Discovery.  Fact discovery of Defendants on issues of general applicability shall be completed by February 1, 2011 as stated in this Courts' Scheduling Order.

B.    Confidentiality of Produced Materials or Deposition Testimony.  On February 10, 2010, this Court entered *Protective Order Regarding Confidentiality* pursuant to the joint submittal of same by the parties.  The confidentiality of any produced materials or deposition testimony will be controlled by this order.

C.    Production of Documents

(1)    Master Request For Production of Documents.  Plaintiffs will serve a Master Request for Production of Documents on Matrixx Defendants, limited to 35 requests, on or before April 30, 2010.  In the absence of an agreement or further order of the Court, Personal Injury Plaintiffs will serve no more than 15 additional requests on Matrixx Defendants and the Economic Loss Plaintiffs will serve no more than 15 additional requests on Matrixx Defendants, absent good cause shown.  At any time during the period allowed for fact discovery in this Court, Plaintiffs may serve a Master Request

for Production of Documents on Retail Defendants, limited to 20 requests.  In the absence of an agreement or further order of the Court, Personal Injury Plaintiffs will serve no more than 10 additional requests on each Retail Defendant and the Economic Loss Plaintiffs will serve no more than 10 additional requests on each Retail Defendant, absent good cause shown.

(2)    <u>Document Production Deadlines</u>.  Matrixx Defendant shall respond and produce any supplemental documents responsive to the Master Requests for Production on or before June 1, 2010, except for those documents withheld pursuant to an assertion of privilege, work product or objection.  The parties shall meet and confer as soon as practicable to resolve disputes concerning withheld documents.  Retail Defendants shall respond to any requests for production 30 days after service.

(3)    <u>Document Depositories</u>.  Lead Counsel for each side may establish a document depository for purposes it deems appropriate and necessary to accomplish their obligations to their respective constituencies in this MDL 2096.  Each side shall administer and bear the costs of its own depository.

(4)    <u>Assertion of Privilege in Response to Production Requests</u>.  Any party that withholds the production of requested documents or materials on the ground of any privilege or application of the work-product doctrine must specify in writing, as to each document or thing not produced, the specific privilege(s) or doctrine(s) it is relying upon to withhold each document ("Privilege Log").  Each Privilege Log shall describe each document or thing to which a privilege or work product doctrine is asserted in sufficient detail to reasonably permit the party seeking discovery to assess whether or not to dispute any such assertion of privilege or application of the work product doctrine.  Each party so withholding shall provide opposing Lead Counsel a copy of the party's Privilege Log within a reasonable time after the production of responsive documents and will attempt, to the extent practicable, to produce the Privilege Log within 30 days after the production of responsive documents.

1    The party asserting a privilege is obliged to provide sufficient information in its
2    privilege logs to enable the opposing party to assess the applicability of the privilege.
3    Fed. R. Civ. Pro. 26(b)(5).  Additionally, the burden of demonstrating the applicability of
4    the privilege rests on the party asserting same.

5    D.    Interrogatories.  Plaintiffs will serve a Master Set of Interrogatories on
6    Matrixx Defendants, limited to 35 interrogatories, on or before April 30, 2010.  In the
7    absence of an agreement or further order of the Court, Personal Injury Plaintiffs will serve
8    no more than 15 additional interrogatories on  Matrixx Defendants and the Economic Loss
9    Plaintiffs will serve no more than 15 additional interrogatories on Matrixx Defendants.  At
10   any time during the period for fact discovery in this Court, Plaintiffs may serve a Master
11   Set of Interrogatories on Retail Defendants, limited to 20 interrogatories.  In the absence
12   of an agreement or further order of the Court, Personal Injury Plaintiffs will serve no more
13   than 5 additional interrogatories on each Retail Defendant and the Economic Loss
14   Plaintiffs will serve no more than 5 additional interrogatories on each Retail Defendant.

15   E.    Interrogatory Answer Deadlines for Defendants.  Matrixx Defendants and
16   Retail Defendants shall respond to all interrogatories no later than 30 days after service.
17   The parties shall meet and confer as soon as practicable to resolve disputes concerning
18   objections thereto.

19   **II.    DEPOSITION GUIDELINES**

20   These guidelines apply to all depositions in MDL 2096.  All depositions shall be
21   conducted pursuant to applicable Federal Rules of Civil Procedure and the Local Rules of
22   this District, and as further specified below.

23   A.    Deposition Notices.

24   (1)    Each deposition notice shall include the name and, if known, the
25   general occupational description of each deponent, and the date, time and place of the
26   deposition.

27

28

1           (2)    In order for counsel to make arrangements for adequate deposition
2  space, whenever feasible, counsel who intend to attend a deposition shall provide notice to
3  Plaintiffs' and Defendants' Lead Counsel of their intention to attend.

4           (3)    Deposition notices shall state whether the deposition is to be
5  videotaped.  All videotape depositions shall proceed pursuant to the provisions of section
6  III(I) *supra*.

7        B.    <u>Cross-Notices Between State Court Cases and These Proceedings</u>.  In order
8  to avoid duplicative discovery and to prevent the unnecessary expenditure of judicial
9  resources and the resources of the parties, Lead Plaintiffs' Counsel will take steps to
10  encourage counsel in related state court proceedings to coordinate their depositions with
11  MDL 2096 depositions and to originally notice such depositions in MDL 2096.  To the
12  extent that a deposition is cross-noticed in state court proceedings, sufficient notice will be
13  provided to counsel to allow for participation in the deposition.  MDL counsel and state
14  court counsel shall agree on one attorney to conduct the initial phase of the deposition.
15  Subsequent questioning shall not be redundant or repetitive, although clarification of prior
16  testimony may be sought if reasonably calculated to elicit testimony that adds to the
17  substance of prior testimony.  Nothing in this provision shall be construed as an injunctive
18  or equitable order affecting state court proceedings.  Rather, this provision is intended to
19  reflect this Court's desire for voluntary state-federal coordination.

20        C.    <u>Number of Depositions, Former Employees of Defendants</u>.  The defendants
21  shall make available all present employees requested by plaintiffs for deposition, subject
22  to the defendants' right to object to the taking of any particular employee's deposition for
23  good cause shown.  Plaintiffs shall in good faith take only those depositions deemed
24  reasonably necessary under the circumstances of this case.  Defendants shall take
25  reasonable steps to make available requested former employees, to the extent possible.  If
26  a defendant is unable, despite its best good faith efforts, to produce former employees,
27  then the defendant shall provide upon request the former employee's last known address
28  and shall cooperate in any effort to obtain this Court's, or another court's assistance to

1   compel the former employee's attendance at the deposition.  Plaintiffs shall not contact

2   former employees of any defendant without complying with applicable law, including

3   *Lang v. Superior Court, in and for the County of Maricopa*, 826 P.2d 1228 (Ariz. App.

4   1992).  Plaintiffs shall be limited to a total of fifteen (15) depositions of current or former

5   employees of Matrixx and Zicam collectively, five (5) depositions of current or former

6   employees of Botanical, and five (5) depositions of current or former employees of any

7   other defendant.  In addition, plaintiffs may notice up to a total of six (6) depositions

8   pursuant to Fed. R. Civ. P. 30(b)(6) as to Matrixx and Zicam collectively with a limit of

9   36 topics total to be divided between these six deposition notices.  Plaintiffs may notice

10  two (2) depositions pursuant to Fed. R. Civ. P. 30(b)(6) as to the other defendants with a

11  limit of  fifteen (15) topics per defendant.  Absent agreement by the Defendants, Plaintiffs

12  may apply to the Court to conduct further depositions only upon a showing of good cause,

13  the specific identification of the individual(s) sought to be deposed and identification of

14  specific areas of testimony not previously addressed in prior depositions of that deponent.

15       D.    Length of Deposition.  Absent agreement of the parties to the deposition, a

16  deposition day shall be no longer than seven (7) hours of actual examination time.

17       E.    Scheduling.  Absent extraordinary circumstances, counsel shall consult in

18  advance with opposing counsel and proposed deponents in an effort to schedule

19  depositions at mutually convenient times and locations.  Counsel are expected to

20  cooperate and coordinate the scheduling of depositions.  Only one deposition of a current

21  or former employee of the defendants shall be taken per day until such time as there is a

22  demonstrated need to multitrack depositions of the employees of the defendants.  At that

23  time the parties shall meet and confer on the establishment of a reasonable schedule for

24  the multi-tracking of depositions of employees of the defendants.  For depositions which

25  are not case specific, each side shall be notified at least twenty (20) days in advance of a

26  deposition, absent extraordinary circumstances and leave of court.  Counsel for the

27  proposed deponent shall advise opposing counsel within five (5) days if the date of

28  deposition is unavailable, and provide two (2) additional dates.

F.     Postponements.  Once a deposition has been scheduled, it shall not be taken off calendar, postponed, rescheduled, or relocated less than five (5) calendar days in advance of the date it is scheduled to occur, except upon agreement of counsel or by leave of Court for good cause shown.

G.     Attendance.  Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the deponent, the deponent's attorney, attorneys of record in MDL 2096 or state cases, in-house counsel for the parties, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by counsel conducting or defending the deposition.  Upon application, and for good cause shown, the court may permit attendance by a person who does not fall within any of the categories set forth in the previous sentence.  If during the course of any deposition, the examination involves information or documents which any plaintiff or defendant claims to be confidential pursuant to the Protective Order entered in this litigation, attendance at that portion of the deposition by person to whom disclosure is not authorized by agreement of the parties or by order of the Court shall be prohibited. Unnecessary attendance by counsel at depositions is discouraged and may not be compensated in any fee application to the Court.

H.     Production of Documents.  Witnesses subpoenaed or noticed to testify and to produce documents shall be noticed and served with the subpoena or deposition notice and document request at least twenty (20) days before the scheduled deposition. Depending upon the quantity of documents to be produced, some time may be needed for inspection of the documents before the interrogation commences.  Responsive documents that are identical to those already produced do not have to be produced by the deponent, but the deponent bears the burden of demonstrating, if necessary, prior production.

I.     Location of Depositions.  Unless otherwise agreed, any deposition of:

(1)    plaintiff shall take place within the federal district in which that plaintiff resides;

(2)    current and former employees and officers of defendants will take place in the federal district of such employees' or officers' place of business.  Defense counsel will make reasonable efforts to obtain the agreement of former employees of defendants to appear at the same location as current employees of the same defendant. Absent such agreement, that deposition will take place either within the federal district in which the former employee resides or at a location mutually agreeable to the former employee and the parties; and

(3)    experts shall take place within the federal district in which that expert resides unless otherwise agreed by the parties.

**III.    CONDUCT OF DEPOSITIONS**

A.    <u>Cooperation</u>.  Counsel are expected to cooperate with, and be courteous to, each other and deponents during the course of any deposition.  There shall be no smoking or use of other tobacco products or eating in any room in which a deposition is being conducted, including before, during or after a deposition, or in the deposition room during deposition recesses

B.    <u>Examination</u>.  The party noticing a fact deposition shall designate no more than two MDL attorneys to conduct the examination of the deponent. If two attorneys are designated, the examinations conducted shall not be redundant or repetitive, although clarification of prior testimony may be sought if reasonably calculated to elicit testimony that adds to the substance of prior testimony.  No further examination by counsel for MDL 2096 plaintiffs shall be permitted except by agreement or good cause shown. Examination by other parties shall be permitted, but in no event shall it exceed the limitations regarding redundancy or repetition applicable to attorneys conducting the direct examination of the deponent, all as set forth above.  Only one attorney may represent the deponent at any given time.

C.    <u>Objections and Directions Not to Answer</u>.  Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all depositions in this action:

1    (1)    Objections must be limited to: (1) those that would be waived if not
2 made pursuant to Fed. R. Civ. P. 32(d)(3); and (2) those necessary to assert a privilege,
3 enforce a limitation on evidence directed by the Court or present a motion under Fed. R.
4 Civ. P. 30(d)(3).  No other objections can be raised during the course of the deposition.  In
5 the event privilege is claimed, examining counsel may make appropriate inquiry about the
6 basis for asserting privilege.

7    (2)    Speaking objections that refer to the facts of the case or suggest an
8 answer to the deponent are improper and must not be made in the presence of the deponent.

9    D.    <u>Objections to Documents</u>.    All objections to the admissibility of any
10 documents used during the course of a deposition are deemed reserved until the time of
11 trial or use in any dispositive motion.  No objections to the use of any document are
12 necessary or shall be noted on the record.

13    E.    <u>Disputes During Depositions</u>.    The Court expects that the parties will
14 resolve disputes that arise during depositions.  However, if a party is required to seek a
15 ruling concerning a discovery dispute arising out of a deposition, the motion should be
16 filed in this Court rather than in the District Court in which the deposition is being
17 conducted or any court in which the case is cross-noticed.  Motions and Responses shall
18 be limited to two pages.

19    F.    <u>Copies of Exhibits</u>.    A copy of any document about which examining
20 counsel expect to question the deponent should ordinarily be provided to primary counsel
21 for the parties and the deponent at the time presented to the deponent and his/her counsel.

22    G.    <u>Marking of Deposition Exhibits</u>. For any exhibits used in a deposition taken
23 within this MDL, counsel will take efforts to separately mark them with sequential exhibit
24 numbers and will be marked as "Exhibit No. ___".    The exhibits will not use the
25 deponents' name as part of the exhibit marking.  The first exhibit will be marked in the
26 first deposition to proceed in this MDL.  The exhibits marked in the second deposition
27 will begin numbering where the exhibit numbers concluded in the first deposition.  For
28 example, if Exhibit Nos. 1-10 are marked in the first deposition, the exhibits marked in the

1  second deposition will begin with Exhibit No. 11.  The same procedure for marking

2  exhibits shall be used in all subsequent depositions.  The same document presented as an

3  exhibit at subsequent depositions shall continue to be referred to as originally marked, and

4  to the extent practicable counsel should avoid marking that document with a different

5  exhibit number at any subsequent deposition.  Should multiple depositions take place on

6  the same day, the parties will agree to assign the beginning exhibit number for each

7  deposition in advance.

8        H.    Stenographic Recording.  A certified Court reporter shall stenographically

9  record all deposition proceedings and testimony.  The Court reporter shall administer the

10  oath or affirmation to the deponent.  A written transcript by the Court reporter, together

11  with copies of all exhibits marked or referred to during the deposition, shall constitute the

12  official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the

13  witness) and 30(f) (filing, exhibits).  The court reporter shall be requested to furnish the

14  transcript in electronic form in text-readable form and hard copy in Min-U-Script format

15  to Lead Counsel for Plaintiffs and Defendants.  The original transcript will be provided to

16  the partying noticing the deposition.

17        I.    Videotaped Depositions.  Any deposition may be videotaped at the request

18  of any party pursuant to notice under the following terms and conditions:

19        (1)    All videotaped depositions shall be simultaneously stenographically

20  recorded in accordance with this Order.

21        (2)    The party requesting videotaping of the deposition shall bear the

22  expense of both the videotaping and the stenographic recording.  Requests for the taxation

23  of these costs and expenses may be made at the conclusion of the litigation.

24        (3)    The operator(s) of the videotape recording equipment shall be subject

25  to the provisions of Fed. R. Civ. P. 28(c).  At the commencement of the deposition the

26  operator(s) shall swear or affirm to record the proceedings fairly and accurately.

27        (4)    Before the commencement of the deposition, each witness, attorney

28  and any other person attending the deposition shall submit to the court reporter in writing

his or her name, the name of his or her firm, business address and the name of the client he or she represents.   The list of these people shall be included at the beginning of the deposition transcript.   In addition, at the commencement of the deposition, each witness, attorney and any other person attending the deposition shall identify themselves on camera.

(5)     The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at trial.   Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed.   To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording.   Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition.   Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

(6)     The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are identified, and at which any interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

(7)     After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic Court reporter, and file a true copy of the video tape, the transcript, and certificate with Lead Counsel for whomever noticed the deposition.

(8)     Technical data, such as recording speeds and other information needed to replay or copy the tape, shall be included on copies of the videotaped deposition.

J.     Copies of Transcripts and Videotapes.   Subject to any restrictions contained within the Stipulated Confidentiality Order, any party may at its own expense obtain a

copy of the videotape and the stenographic transcript by contacting counsel noticing the deposition or the court reporter.

K.   <u>Correction and Signing Depositions</u>.  Unless waived by the deponent, the transcript of a deposition, or any portion thereof, shall be submitted to the deponent for correction and signature within thirty (30) days after the completion of the deposition.  A deposition transcript may be signed by the deponent within thirty (30) days after the transcript is submitted to the deponent.  If no corrections are made during this time, the transcript will be presumed accurate.

L.   <u>Use of Depositions</u>.  Under the conditions prescribed in Fed. R. Civ. P. 32(a) (1) - (4) or as otherwise permitted by the Federal Rules of Evidence, depositions may be used against any party (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court as part of this litigation) who:  (1) was present or represented at the deposition; or (2) had reasonable notice thereof, or (3) within ninety (90) days after the deposition is taken or within ninety (90) days after becoming a party to MDL 2096 fails to show just cause why such deposition should not be used against such party.

## IV.   CASE-SPECIFIC FACT DISCOVERY

The case-specific fact discovery of plaintiffs outlined below in cases transferred to or originating in this Court shall occur under the express limitations set forth below and during the time period permitted herein.  The Parties understand that case-specific discovery in economic injury cases needs to be conducted for class certification issues and that case-specific fact discovery in personal injury cases needs to be conducted to advance resolution of these matters should these cases not be dismissed as a result of Daubert issues.  To the extent that cases have not been dismissed or resolved by July 1, 2011, the completion of fact discovery not conducted during the cases' pendency in MDL 2096 shall be conducted in the original or transferor courts upon remand.  Any case-specific discovery conducted during a case's pendency in MDL 2096 shall not impact the deadlines set forth in the Scheduling Order.

Case-specific fact discovery by defendants shall be governed by applicable Federal Rules of Civil Procedure and Local Rules except as otherwise provided herein or in any subsequent Case Management Order.

A.     Personal Injury Plaintiffs

The following protocol and limitations shall apply to all personal injury plaintiffs in all cases transferred to or originating in MDL 2096:

(1)     Fact Sheet.  The Plaintiffs' Steering Committee ("PSC") and Lead Defense Counsel have stipulated to a Plaintiff's Fact Sheet ("Fact Sheet"), as an agreed form of written discovery to be completed by every plaintiff in each personal injury case transferred to MDL 2096.  Each plaintiff claiming personal injury in this litigation shall complete and serve a Fact Sheet and provide the documents and authorizations according to its instructions.

Within five (5) business days after the entry of this CMO No. 2, Liaison Counsel for Plaintiffs shall electronically forward to each plaintiff's counsel a copy of this CMO No. 2 and Fact Sheet, and certify that fact to Lead Counsel for Defendants.  Plaintiffs in all cases currently docketed in this Court as of the date of entry of this CMO No. 2, shall complete the Fact Sheet and serve same upon Defendants' Lead Counsel no later than 45 days after transmission of the Fact Sheet.  Plaintiffs in all cases transferred and docketed to this Court after the date of entry of this CMO, shall be served with a copy of this CMO No. 2 and Fact Sheet by Defendants' Lead Counsel upon the docketing of this case in MDL 2096, and shall complete the Fact Sheet and serve same upon Defendants' Lead Counsel no later than 45 days after service of the Fact Sheet.

Should any plaintiff fail to serve a Fact Sheet or fail to serve a completed Fact Sheet within the time allowed, Defendants' Lead Counsel shall send a warning letter to that plaintiff's attorney of record, with a copy to the Plaintiffs' Liaison Counsel requesting compliance within fifteen (15) days.  This warning letter shall include a warning that the case is subject to dismissal under this CMO and the Federal Rules of Civil Procedure if a completed Fact Sheet is not received within fifteen (15) days.  Should a plaintiff fail to

1  provide responses or a completed response within 15 days of the sending of the warning
2  letter, defendants may move the Court for appropriate relief under the Federal Rules of
3  Civil Procedure.

4  A "completed" Fact Sheet means that every question on the PFS is answered even
5  if a plaintiff can only answer the question in good faith by indicating "not applicable" or
6  "I don't know."

7  B.    Economic Injury Plaintiffs

8  The following protocol and limitations shall apply to all putative class
9  representatives of any economic class action cases transferred to or originating in MDL
10  2096.  Should this Court certify any class, nothing in the order shall preclude Defendants
11  from conducting additional discovery to class members after such certification.

12  (1)    Interrogatories:  At any time during the period allowed for case-
13  specific fact discovery of economic injury plaintiffs in this Court, Defendants may serve a
14  Master Set of Interrogatories, limited to 35 interrogatories.  In the absence of an agreement
15  or further order of the Court, Defendants will serve no more than 12 additional
16  interrogatories on each putative class representative of an economic class action complaint
17  and shall serve Lead Counsel for Economic Injury Plaintiffs with such requests.  Answers
18  to interrogatories shall be served by plaintiffs directly to Defendants' Lead Counsel, no
19  later than thirty (30) days after service of same.

20  (2)    Rule 34 Document Requests.  At any time during the period allowed
21  for case-specific fact discovery of economic injury plaintiffs in this Court, Defendants may
22  serve a Master Request for Documents, limited to 35 requests.  In the absence of an
23  agreement or further order of the Court, Defendants will serve no more than 12 additional
24  requests on each putative class representative of an economic class action complaint and
25  shall serve Lead Counsel for Economic Injury Plaintiffs with such requests.  Answers to
26  interrogatories shall be served by plaintiffs directly to Defendants' Lead Counsel, no later
27  than thirty (30) days after service of same.

28

1           (3)     <u>Depositions</u>.  Defendants shall be entitled to conduct the deposition of

2   any putative class representative or other fact witness as part of their case-specific fact

3   discovery in each class action case transferred to or originating in this Court.   The

4   deposition of any putative class representative shall be limited to seven (7) hours of actual

5   deposition time, absent agreement or further order of this Court upon a showing a good

6   cause and shall be conducted consistent with the Deposition Protocol paragraphs detailed

7   above.   Depositions of putative class representative not deposed during the pendency of

8   MDL 2096 and all other class action witnesses, including class members, may be taken

9   after July 1, 2011.  In the absence of an agreement or further order of the Court, absent

10  class members shall not be deposed during the pendency of MDL 2096.

11  **V.**    **MISCELLANEOUS.**

12       A.    <u>Initial Disclosures of Cases Docketed After March 11, 2010.</u>  The Court's

13  March 11, 2010 Rule 16 Scheduling Order imposed a deadline of April 1, 2010 for initial

14  disclosures under Rule 26(a), Fed. R. Civ. P. for all cases then-docketed in the MDL.  For

15  cases docketed between March 11, 2010, and the entry of CMO 2, plaintiffs shall serve

16  Rule 26(a) initial disclosures within 21 days of the entry of CMO 2.  For cases docketed

17  after the entry of CMO 2, plaintiffs shall serve Rule 26(a) initial disclosures within 21

18  days of the date of docketing.

19       B.    <u>Service of Documents</u>.  For documents served but not filed with the Court,

20  the Parties agree that service shall be made electronically pursuant to Fed. R. Civ. P.

21  5(b)(E) on Lead Defense Counsel, Alan Lazarus at ZicamService@dbr.com, David

22  Rosenbaum at drosenbaum@omlaw.com; kdourlein@omlaw.com, Paul Giancola

23  pgiancola@swlaw.com; pwarner@swlaw.com.   Written consent of Lead Defense

24  counsel has been obtained. Such service of these documents constitutes service on all

25  other attorneys or parties for whom such counsel acts.

26       C.    The court reserves the right to amend any provisions of this order.

27

28

1      D.     This order, and its implementation, are fully subject to all the provisions of

2 the Rule 16 Scheduling Order (doc. 183).

3      Dated this 10th day of May, 2010.

*Frederick J. Martone*

Frederick J. Martone
United States District Judge