**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation.<br><br>THIS DOCUMENT RELATES TO:<br><br>Debora Pope,<br>10-cv-694-FJM;<br><br>Becky Newman and Charles Newman,<br>10-cv-644-FJM;<br><br>Paul Kersanty,<br>10-cv-693-FJM;<br><br>Mary Ann Brandon,<br>09-cv-2315-FJM;<br><br>John Touhey,<br>10-cv-688-FJM. | No. 09-md-02096-PHX-FJM<br><br>**ORDER** |

The court has before it five plaintiffs' motions for leave to amend their complaints. Plaintiff Debora Pope moves for leave to file a second amended complaint that adds retailer Rite-Aid Corp. as a defendant, and seeks to relate back the amendment to the date of the motion, April 15, 2010 (doc. 266). Plaintiffs Becky Newman and Charles Newman move for leave to amend their complaint to add Rite-Aid Corp. as a defendant, and to relate the amendments back to the date of the filing of their original complaint (doc. 273). Plaintiff Paul Kersanty moves for leave to file a first amended complaint that adds manufacturer and

packager Botanical Laboratories, Inc. and retailer CVS Pharmacy and CVS Caremark, Inc., and relates the amendments back to the date of the original complaint (doc. 281). Plaintiff Mary Ann Brandon moves for leave to amend her complaint to add retailers Wal-Mart Stores, Inc. and Wal-Mart Stores Texas as defendants, and to relate the amendments back to the date of the original filing (doc. 288). Plaintiff John Touhey moves for leave to amend his complaint to add as a defendant "John Doe Retailer/Distributor" (doc. 400). We also have defendants' two responses (docs. 306 and 420), and a reply from plaintiff Pope (doc. 310). Defendants do not oppose the proposed amendments except insofar as the plaintiffs seek to relate back their amendments to the dates that the original complaints were filed.

We note at the outset that none of these motions was filed by plaintiffs' Lead Counsel, nor apparently approved by Lead Counsel, as required by Case Management Order #1 (doc. 182). Defendants do not object to the filings by plaintiffs' individual counsel. Although we will consider these motions, we urge plaintiffs to file all future papers through Lead Counsel, consistent with Case Management Order #1.

Under Rule 15(a)(2) Fed. R. Civ. P., a party may amend a complaint more than 21 days after serving it, "only with the opposing party's written consent or the court's leave." We will grant leave to amend pleadings when "justice so requires." Id. Plaintiffs' motions were all timely filed in accordance with the Rule 16 Scheduling Order (doc. 183), and defendants do not oppose the plaintiffs' motions to join new parties. We therefore grant the plaintiffs leave to amend their complaints to add only the above-listed named defendants.

Plaintiffs Newman, Kersanty, and Brandon also move for leave to relate back their amendments to the date of the original filings of their complaints (docs. 289, 281-3, and 288-2). Under Rule 15(c)(1) Fed. R. Civ. P., a party seeking to relate back an amended complaint that adds new parties must show: (1) the claim asserted arises out of the conduct set forth in the original complaint; (2) the new party received notice of the action such that he will not be prejudiced; and (3) the new party knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. The rule imposes "more stringent requirements" for relating back amendments that add new parties. Martell v.

Trilogy, Ltd., 872 F.2d 322, 324 (9th Cir. 1989).  Defendants oppose any order that would grant leave for the amendments to relate back, on the grounds that plaintiffs have not satisfied the requirements of notice and mistake of identity (doc. 306).  The plaintiffs moving for relation back do not address the issue in their supporting memoranda, and did not file replies to defendants' opposition to their motions.

We deny plaintiffs' motion for leave to relate back their amendments to the date their complaints were filed.  Plaintiffs have not briefed the court on whether the statute of limitations for their claims has run, or on whether their amendments meet the federal rules' requirements for relation back.  We therefore cannot determine at this time whether relation back of plaintiffs' amendments is appropriate, and accordingly must deny at this stage leave to relate back the amended complaints.

Additionally, plaintiff Touhey moves for leave to amend his complaint to add a "John Doe" retailer defendant (doc. 400).  The addition of a "John Doe" defendant at this time is inconsistent with both the Federal Rules of Civil Procedure and the Rule 16 Scheduling Order. Adding "John Doe" would violate Rule 10(a), Fed. R. Civ. P., requiring that a complaint name all parties, and could also ultimately violate Rule 4(m), Fed. R. Civ. P., mandating service of a complaint within 120 days of filing.  Also, the naming of a "John Doe" defendant does not toll the statute of limitations until the real defendant is named, and is immaterial to the application of Rule 15(c), Fed. R. Civ. P. on relation back.  Craig v. United States, 413 F.2d 854 (9th Cir. 1969). Plaintiff's proposed amendment would circumvent the Rule 16 Scheduling Order, which set a deadline of April 15, 2010 for joining additional parties. Plaintiff gives the court no indication that he has any idea which retailer he might later name, nor that he has a plan to identify such a retailer.  We therefore deny plaintiff's motion for leave to add a "John Doe" defendant.  It is critical that the party structure be determined in a timely way so that our Rule 16 schedule is not jeopardized.

**IT IS ORDERED GRANTING** plaintiffs Pope, Newman, Kersanty, and Brandon's motions for leave to amend complaints to add the named defendants (docs. 266, 273, 281, and 288) . **IT IS ORDERED DENYING** plaintiff Touhey's motion for leave to amend his

1 complaint to add a "John Doe" defendant (doc. 400).  **IT IS ORDERED DENYING** at this
2 time plaintiffs Newman, Kersanty, and Brandon's motion for leave to relate back their
3 amended complaints to the date of filing of their original complaints.  **IT IS FURTHER**
4 **ORDERED GRANTING** plaintiffs fourteen (14) days to file amended pleadings as limited
5 by this order and to serve the pleadings on all parties.

DATED this 8th day of June, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge