**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation.<br><br>This document relates to:<br><br>All Personal Injury Actions. | No. MDL 09-2096-PHX-FJM<br><br>**ORDER** |

The court has before it defendants' "Motion to Compel Plaintiffs' Response to Defendants' First Set of Interrogatories and Requests for Admissions to Personal Injury Plaintiffs" (doc. 544), plaintiffs' response (doc. 587), and defendants' reply (doc. 616).

Defendants propound one interrogatory to each plaintiff asking whether the plaintiff "sniffed" Zicam products, the details of any sniffing, and two requests for admissions, asking each plaintiff to admit that he or she did or did not sniff Zicam products. Plaintiffs refused defendants' request to include questions about sniffing in the Plaintiffs' Fact Sheet ("PFS"). Defendants contend that the discovery is relevant to general causation because plaintiffs must show that the product reached the smell tissue in a dose sufficient to cause a toxic effect, and to specific causation, i.e. if a particular plaintiff can show he or she was injured. Defendants further claim that because the Zicam label warns users not to sniff the product, the discovery is relevant to comparative fault and product misuse.

Our allowance of case specific discovery after the MDL does not preclude it during the MDL. Nothing in Case Management Order #2 (doc. 398) prohibits written discovery to individual plaintiffs in addition to the PFS. Moreover, the court's consent to the PFS process was intended to minimize total discovery, but not to preempt all other written discovery that addresses generalized issues. By permitting discovery about issues that are genuinely unique to each plaintiff until after July 1, 2011, the case management schedule promotes litigation efficiency by allowing parties to focus on common issues first. In furtherance of that goal, we encourage the parties to address all relevant, generalized factual issues sooner rather than later in the pretrial process, even if the issues are outside the scope of the PFS. The question of whether or not plaintiffs sniffed is such an issue. The case specific discovery allowed after July 1, 2011 contemplates non-common issues such as specific items of damages and the like.

Additionally, the proposed interrogatory and requests for admission are relevant to causation issues and possible affirmative defenses. The discovery is brief, narrow in scope, and not unduly burdensome. Nor is it duplicative. The term "sniff" is not vague and is appropriately defined according to its Merriam Webster dictionary definition.

Therefore, **IT IS ORDERED GRANTING** defendants' motion to compel plaintiffs' responses to their First Set of Interrogatories and Requests for Admission (doc. 544).

DATED this 22nd day of July, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge