**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation.<br><br>This document relates to:<br><br>All Personal Injury Actions. | No. MDL 09-2096-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiffs' "Motion to Strike Defendants' Affirmative Defense of Misuse and Bar Related Discovery" (doc. 588), defendants' response (doc. 627), and plaintiffs' reply (doc. 645).

**I**

Plaintiffs move to strike the affirmative defense of misuse from defendants' answers to the personal injury complaints, and to bar misuse-related discovery. Plaintiffs contend that defendants cannot maintain the misuse defense because it is insufficient, immaterial and impertinent to whether the use of Zicam causes anosmia. See Fed. R. Civ. P. 12(f).

Motions to strike are generally disfavored. To strike an affirmative defense, plaintiffs must show "that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." Hart v. Baca, 204 F.R.D. 456, 457 (C.D.Cal. 2001).

**A**

First, plaintiffs contend that the misuse defense is immaterial to plaintiffs' claims. A defense is immaterial if it has no essential or important relationship to the claim for relief. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023 (1994). Plaintiffs claim that because the Zicam product labels contain no warning about risks similar to plaintiffs' alleged injuries, any misuse is immaterial to liability for a claim of anosmia.

Whether possible misuse of the Zicam products is material to fault depends in each case on the substantive law of the transferor forum, including its choice of law rules. See Ferens v. John Deere, Co., 494 U.S. 516, 523, 110 S.Ct. 1274, 1280 (1990). Plaintiffs have made no showing that the misuse defense is immaterial to plaintiffs' claim under the substantive law of any transferor forum, let alone every transferor forum. Absent such a showing, we cannot grant a motion to strike for immateriality.

**B**

Second, plaintiffs claim the misuse defense is impertinent and insufficient because it allows defendants to both admit and deny liability on the same issue and because defendants have not met the pleading standard of Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007) and Ashcroft v. Iqbal, ___ U.S. ____, 129 S.Ct. 1937 (2009). Plaintiffs claim the affirmative defense must fail as a matter of law because in order to show that misuse contributed to plaintiffs' injuries, defendants would have to admit that Zicam can cause anosmia, which they have specifically denied.

Pleading an affirmative defense is insufficient if it fails to give the plaintiff fair notice of the nature of defense. Simmons v. Navajo County, Ariz., ___ F.3d ____, 2010 WL 2509181, *9 (9th Cir. 2010). Although neither the Ninth Circuit nor any other Circuit has yet ruled on the question, "the vast majority of courts presented with the issue have extended Twombly's heightened pleading standard to affirmative defenses." Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, ___ F.Supp.2d ____, 2010 WL 2507769, *4 (N.D.Cal. 2010). Applying the standard would require "at least some valid factual basis for

pleading an affirmative defense" and would prevent defendants from "adding it to the case simply upon some conjecture that it may somehow apply." Hayne v. Green Ford Sales, Inc., 263 F.R.D. 647, 650 (D.Kan. 2009).

We need not decide whether Iqbal applies to the pleading of affirmative defenses because even if it does, plaintiffs' argument is without merit. Plaintiffs have not explained what kinds of facts defendants could have provided that would have given plaintiffs notice of the nature of the misuse defense. While plaintiffs may question the merits of the defense, its nature seems apparent: defendants claim plaintiffs caused any injury they may have suffered by using Zicam incorrectly. At this stage, it is impossible for defendants to know how each plaintiff used the product, and plaintiffs have not stated what other facts could be relevant.

Additionally, Rule 8(d)(3), Fed. R. Civ. P. allows defendants to plead as many separate defenses as they have, regardless of consistency. Defendants may deny that Zicam can cause anosmia, and can argue alternatively that, in case a trier of fact finds for a plaintiff on causation, plaintiff used the product contrary to instructions. The misuse defense is not an admission of a causal relationship. Indeed, for "pure" misuse, it is a denial of causation. Because defendants provided plaintiffs with sufficient notice of the nature of the affirmative defense, we do not strike the misuse defense for insufficiency

**C**

Finally, plaintiffs argue that the misuse defense is prejudicial because it creates unnecessary and burdensome discovery obligations that cannot possibly lead to admissible evidence at trial. We disagree with this contention, as explained in our order granting defendants' motion to compel (doc. 626). The discovery is relevant to causation issues and several affirmative defenses. Plaintiffs have not shown that for every state in which their claims arise, "under no set of circumstances could the defense succeed." Hart, 204 F.R.D. at 457. Therefore, we cannot conclude that the discovery will not produce admissible evidence. Moreover, as we stated in our previous order, defendants seek plaintiffs' response

to one interrogatory and two requests for admission regarding plaintiffs' sniffing of the product (doc. 626). Such limited discovery is neither onerous nor unduly burdensome.

We also disagree with plaintiffs' contention that allowing defendants to alternatively plead misuse forces plaintiffs into an unreasonable and impossible litigation stance. By pleading misuse, defendants do not acknowledge causation, and thus do not relieve plaintiffs of their burden to prove causation.

## II

Although we deny plaintiffs' motion to strike, we do so without prejudice to a future motion for summary judgment on the affirmative defense of misuse. We note that in Arizona, for example, misuse is a defense when plaintiff proximately caused the injury. To sustain the defense, defendants must show that a plaintiff used the product in a manner not reasonably foreseen by the manufacturer, and that any product defect had no role in causation. See Jimenez v. Sears, Roebuck and Co., 183 Ariz. 399, 410, 904 P.2d 861, 872 (1995) (Martone, J., concurring). For defendants to successfully establish misuse, they would have to prove that the manufacturer of Zicam could not have reasonably foreseen that users would deeply inhale a product designed to be inhaled. This seems quite unlikely.

## III

For the reasons stated above, **IT IS ORDERED DENYING** plaintiffs' motion to strike defendants' affirmative defense of misuse (doc. 588).

DATED this 5th day of August, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge