**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation. | No. MDL 09-2096-PHX-FJM<br>**ORDER** |
| THIS DOCUMENT RELATES TO:<br>Eugene Thomas Stanley,<br>CV 10-692-FJM. | |

The court has before it plaintiff Eugene Thomas Stanley's motion for leave to file a first amended complaint (doc. 551) and defendants' response (doc. 595). Plaintiff did not file a reply. Plaintiff moves for leave to file an untimely amended complaint, and to relate the amendments back to the date of the filing of the original complaint. Plaintiff seeks to add manufacturer and packager Botanical Laboratories, Inc. and retailer HEB Grocery Company, LP, or alternatively, H.E. Butt Grocery Company. Because this motion was not filed by Lead Counsel, and because plaintiff has not shown good cause to modify the Rule 16 Scheduling Order, we deny the motion for leave to amend.

First, this motion was not filed by plaintiffs' Lead Counsel, nor apparently approved by Lead Counsel, as required by Case Management Order #1 (doc. 182). We have reminded plaintiffs of the importance of this requirement once before (doc. 510). As the deadlines for class action certification and <u>Daubert</u> motions draw closer, we emphasize compliance with our case management orders.

1  Second, plaintiff filed this motion on June 28, 2010, over two months after the April 15, 2010 deadline set by the Rule 16 Scheduling Order for motions to amend or join additional parties, including retailers (doc. 183). Because the deadline has passed, the Rule 15, Fed. R. Civ. P. standard for amending a complaint does not apply. Instead, plaintiff must show good cause for modifying the scheduling order, pursuant to Rule 16(b)(3), Fed. R. Civ. P. See <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 605 (9th Cir. 1992). We may modify the order only "if it cannot reasonably be met despite the diligence of the party seeking the extension." <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002). When the party seeking modification is not diligent, "the inquiry should end and the motion to modify should not be granted." <u>Id</u>.

Plaintiff has not shown that he acted diligently to comply with the order, and thus there is no good cause for modification. Plaintiff filed his complaint on January 28, 2010, and his case was transferred to the MDL docket on March 24, 2010. Plaintiff offers no explanation for why Botanical and HEB Grocery Company, LP were not identified before April 15, 2010. We thus see no reason why the deadline could not have been met.

Therefore, **IT IS ORDERED DENYING** plaintiff's motion for leave to file an amended complaint (doc. 551).

DATED this 9th day of August, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge