1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

In Re: Zicam Cold Remedy Marketing, )
Sales Practices and Products Liability ) No. 09-md-2096 PHX-FJM
Litigation, )
 ) MDL No. 2096
_____ )
 )
This Document Relates to: )
 )
All Economic Injury Actions )
_____ )

The court has before it a "Stipulation and Joint Request for Dismissal Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)" (doc. 710). The parties assert that they have settled the Economic Injury Actions pursuant to an unfiled Memorandum. They say that the settlement includes claims at issue in *Hohman v. Matrixx Initiatives, Inc.*, CV 09-3693, pending in the Northern District of Illinois. They wish to present their "global" settlement to the court in Illinois because, they say, the impending deadlines in this MDL case make it "infeasible and uneconomical to pursue approval of the settlement in the MDL." Stipulation at 2. They ask us to dismiss all the Economic Injury Actions in this MDL without prejudice under Rules 41(a)(1)(A)(ii) and 23(e), Fed. R. Civ. P.

We are of the view that this proposal is inconsistent with the relevant statute, rule, and orders of the United States Panel on Multidistrict Litigation and this court. Here is why.

Under 28 U.S.C. §1407, once actions have been transferred, they "shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation." §1407(b). Unless terminated in the transferee district (by, for example, summary

judgment or dismissal with prejudice), "(e)ach action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred". §1407(a).

Here, the Panel on Multidistrict Litigation entered a Transfer Order transferring actions here. In addition, we transferred actions originally filed in this district to the MDL. The Panel expressly sustained the objection to the inclusion of the *Hohman* action in the MDL(because it was insufficiently similar) and expressly rejected the alternative proposal to centralize all actions in the Northern District of Illinois. Transfer Order of Oct. 9, 2009 at 1-2 (doc. 1). Yet, the Request to Dismiss Without Prejudice would accomplish precisely that which the Panel rejected. We cannot allow this circumvention. Nor does it make sense. If the claims in the *Hohman* action were insufficiently similar to warrant transfer, how could that action be a platform to support class treatment of the claims here under Rule 23, Fed. R. Civ. P.?

Even if these obvious obstacles could be overcome, what would happen if the settlement was not consummated, or not approved? Where would the claims be filed? They could not be filed and processed here, because by that time all of the firm deadlines in our Rule 16 Order would have passed. We would not tolerate amendment to the schedule. Our Rule 16 Scheduling Order (doc. 183) requires this MDL to be completed no later than July 1, 2011. The Order is not aspirational. It was carefully crafted to be reasonable in this case and to fulfill the objective of 28 U.S.C. § 1407 to "promote the just and *efficient* conduct of such actions." We categorically reject the parties' contention that the deadlines here make it "infeasible and uneconomical to pursue approval of the settlement in the MDL." Stipulation at 2.

The ability of the parties to stipulate to voluntary dismissal under Rule 41(a)(1)(A)(ii), Fed. R. Civ. P. is subject to "any applicable federal statute". 28 U.S.C. 1407 is such a statute. Were it otherwise, the entire MDL process could be jeopardized by the unilateral action of the parties.

Accordingly, it is **ORDERED REJECTING** the Stipulation and **DENYING** the Joint Request for Dismissal Without Prejudice (doc. 710).

DATED this 26th day of August, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge