**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation. | No. 09-md-2096-PHX-FJM  **ORDER** |
| THIS DOCUMENT RELATES TO: Mikolas v. Matrixx Initiatives, et al., CV 10-1233-PHX-FJM. | |

The court has before it plaintiff Johnny Mikolas's motion to remand to state court (doc. 605) and defendants' response (doc. 652). Plaintiff did not file a reply.

This action commenced on October 9, 2009, when plaintiff filed a claim against defendants Matrixx Initiatives, Inc., Zicam L.L.C., and Texas-based retailer HEB Grocery Company, LP ("HEB") in the County Court at Law No. 1 of Calhoun County, Texas. On November 13, 2009, defendants removed the action to the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1332. Plaintiff moved to remand on December 4, 2009, but the transferor court did not rule on his motion before the Judicial Panel on Multidistrict Litigation transferred the action to MDL 09-2096.

Plaintiff now renews his motion to remand. Plaintiff argues that because both he and defendant HEB are residents of Texas, there is not complete diversity between the parties, and thus we lack jurisdiction over his claims. See 28 U.S.C. § 1332; Exxon Mobil Corp. v.

Allapattah Services, Inc., 545 U.S. 546, 553, 125 S.Ct. 2611, 2617 (2005). Defendants oppose remand on the grounds that HEB was fraudulently joined, as HEB cannot be liable under Texas law. They contend that removal was proper, and further, that HEB should be dismissed with prejudice.

**I**

We note at the outset that defendants have previously agreed to the inclusion of other retailer defendants in personal injury actions arising in Texas. Plaintiff Mary Ann Brandon moved for leave to amend her complaint to add Wal-Mart Stores, Inc. and Wal-Mart Stores Texas as defendants (doc. 288), and plaintiff John Touhey moved for leave to amend his complaint to add as a defendant "John Doe Retailer/Distributor" (doc. 400). Defendants did not oppose the addition of the retailer defendants (doc. 306).[1] Plaintiff Eugene Thomas Stanley later moved for leave to amend his complaint to add HEB as a defendant (doc. 551). Defendants opposed this motion due to its untimeliness, but did not argue that HEB could not be liable under Texas law (doc. 595).[2]

**II**

"Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is *obvious* according to the settled rules of the state." Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009). Defendants have the burden to establish fraudulent joinder by "clear and convincing evidence." Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). In determining whether we have jurisdiction over an action, we may go beyond the pleadings. "The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). However,

---

[1] We did not permit the addition of a John Doe retailer defendant, due to inconsistency with the Rule 16 Scheduling Order and the Federal Rules of Civil Procedure (doc. 510).

[2] We denied the motion because of plaintiff's failure to act diligently to comply with the Rule 16 Scheduling Order (doc. 673).

we analyze only whether plaintiff has stated a cause of action against the in-state defendant, and will not conduct an "inquiry as to whether those defendants could propound defenses to an otherwise valid cause of action." Id.

Plaintiff's causes of action are governed by the Texas Civil Practice & Remedies Code's provisions on products liability. See Tex. Civ. Prac. & Rem. Code § 82.001(2). Under Texas law, a seller that did not manufacture a product is not liable for harm caused by that product unless the claimant proves one of seven statutory exceptions to innocent seller immunity. Tex. Civ. Prac. & Rem. Code § 82.003(a). Therefore, in order to demonstrate fraudulent joinder and for us to have jurisdiction over this action, defendants must show that plaintiff has obviously failed to allege that HEB could be liable under any one of the exceptions.

We conclude that although plaintiff has not stated a claim against HEB in accordance with federal pleading standards, his failure is not "obvious according to the settled rules of the state," and thus, the joinder of defendant HEB is not fraudulent. To state a claim for relief, a complaint must contain "well-pleaded factual allegations" that "plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1950 (2009). Plaintiff has not set forth specific facts to show that HEB could plausibly be liable to plaintiff under one of the exceptions to innocent seller immunity. However, the pleadings are not so insufficient as to meet the "obviously" without merit prong of fraudulent joinder. Therefore, plaintiff is entitled to remand.

**A**

Plaintiff claims HEB may be liable under the first exception, for sellers who participated in the product's design. Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a)(1). Plaintiff makes no specific factual contention that HEB, a Texas-based grocery store and not a drug producer, was involved in Matrixx's design of the Zicam products. Such participation would be unusual, and HEB executive John Plemmons has denied involvement in product design. Plemmons Affidavit, Ex. 1. Plaintiff's generalized and conclusory allegation that

"defendants defectively designed the Zicam No-Drip Liquid Nasal Gel" is insufficient to show that HEB could be found liable due to its participation in product design. This exception is obviously inapplicable.

**B**

Second, plaintiff claims HEB could be liable as a retailer who made express, incorrect factual representations on which plaintiff relied, where plaintiff would not have been harmed if the product had been as represented. Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a)(5). Plaintiff argues he has sufficiently alleged that HEB misrepresented Zicam and can therefore be liable. In his complaint, plaintiff alleged that all defendants, including, HEB, violated the Texas Deceptive Trade Practices Act. That law prohibits "representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have" and "representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." Tex. Bus. & Com. Code. Ann. § 17.46(b)(5) & (7). Plaintiff claims this allegation is sufficient to have pled the innocent sellers exception for factual misrepresentation.

Defendants have not presented clear and convincing evidence that HEB could not be liable under the express misrepresentations exception. It is true that plaintiff has not asserted any allegations about statements HEB made regarding Zicam products, much less specific misrepresentations on which plaintiff relied and which lead to his harm. Additionally, Plemmons stated that HEB made no representations about the safety or efficacy of Zicam. Plemmons Affidavit, Ex. 1. This would be fatal if the complaint were judged by federal standards. However, that does not mean that plaintiff has obviously failed to state a claim under Texas law against HEB under the misrepresentation exception to seller immunity. It is too soon to know with certainty that no representative of HEB made any claim about Zicam, and in considering fraudulent joinder, we make no "inquiry into the merits of the plaintiff's claims." Hunter, 582 F.3d at 1045. Because it is not obvious according to settled Texas rules that plaintiff has failed to state a claim against HEB for liability pursuant to the

misrepresentation exception, we cannot conclude that joinder was fraudulent.

**C**

Third, plaintiff claims defendants, including HEB, may be liable for having actual knowledge of the defect. Plaintiff alleges in his complaint that defendants, including HEB, violated the Texas Deceptive Trade Practices Act's prohibition on failure to disclose known information with intent "to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed." Tex. Bus. & Com. Code. Ann. § 17.46(b)(24). Plaintiff argues that this claim of failure to disclose sufficiently alleges liability under the innocent sellers exception for sellers who know of the defect that caused the claimant's harm. Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a)(6).

Again, plaintiff makes no specific allegations that HEB knew of the alleged defect in Zicam that caused his injury, and Plemmons denies HEB's awareness of any risk. Plemmons Affidavit, Ex. 1. While this would be insufficient under federal pleading standards, again, it does not follow that plaintiff has obviously failed to state a claim under Texas law. What relevant HEB employees knew is unknown at this stage. Plaintiff has made allegations about HEB's failure to disclose information, and those allegations are sufficient to prevent defendants from overcoming the "strong presumption against removal jurisdiction." Hunter, 582 F.3d at 1042.

**D**

Fourth, plaintiff alleges that HEB is liable under the innocent sellers exception for retailers who have exercised substantial control over the content of a warning, where that warning is inadequate and claimant's harm resulted from the inadequacy of the warning. Tex. Civ. Prac. & Rem. Code Ann. § 82.003(a)(4). This exception obviously does not apply to HEB. Plaintiff does not allege that HEB was involved in the labeling of Zicam, which would be unlikely, and Plemmons denies any such control. Plemmons Affidavit, Ex. 1. Plaintiff's allegations are obviously insufficient to show that HEB could be found liable due

to its control over Zicam product labeling.

## III

We conclude that defendant has not shown that plaintiff has obviously failed to state a claim under Texas law against HEB. Therefore, **IT IS ORDERED GRANTING** plaintiff's motion to remand (doc. 605). **IT IS FURTHER ORDERED REMANDING** <u>Mikolas v. Matrixx Initiatives, et al.</u>, CV 10-1233-PHX-FJM to the County Court at Law No. 1 of Calhoun County, Texas.

DATED this 31st day of August, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge