**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation | No. 09-md-2096-PHX-FJM |
| | **ORDER** |
| This document relates to: | |
| CV-10-0164-PHX-FJM | |

The court has before it plaintiffs Sharon Davis, et al.'s "Motion for Voluntary Dismissal Without Prejudice" (doc. 677). Defendants did not file a response. Plaintiffs originally filed their complaint in the United States District Court for the Southern District of Florida, and on February 1, 2010 it was transferred to In Re Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation, No. 09-md-2096. Defendants filed an answer to plaintiffs' complaint on May 26, 2010 (doc. 457).

We first note that this motion was neither filed by plaintiffs' Lead Counsel, nor apparently approved by Lead Counsel, as required by Case Management Order #1 (doc. 182). Plaintiffs must file all papers through Lead Counsel, consistent with our order.

Plaintiffs seek dismissal of their claims without prejudice and rely on Rule 1.420(a), Florida Rules of Civil Procedure. However, plaintiffs' motion is governed by Rule 41, Fed. R. Civ. P. Defendants having served an answer, the action may only be dismissed by court order, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

1   Because plaintiffs' one sentence motion offers no explanation, it is impossible for us to determine whether dismissal would be proper, and if so, under what terms. Dismissal may be inconsistent with 28 U.S.C. § 1407, Rule 41, Fed. R. Civ. P., and orders of the United States Panel on Multidistrict Litigation and this court. See Order of August 26, 2010 (doc. 774). Granting dismissal without prejudice to allow plaintiffs to pursue their claims elsewhere could be incompatible with the MDL statute, which provides that once actions have been transferred, they "shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation." 28 U.S.C. §1407(b). Moreover, dismissing without prejudice at this time risks circumventing the deadlines set in our scheduling order and jeopardizing the judicial efficiency that underlies the MDL process.

Because we cannot determine whether dismissal would be proper, and if so, on what terms, it is **ORDERED** that plaintiffs shall file a supplemental memorandum explaining what they intend to do with their claims, and how dismissal without prejudice would be consistent with the MDL process and the orders of this court. Plaintiffs' memorandum must be filed by lead counsel. We also grant leave to defendants to file a memorandum explaining their views on the motion to dismiss. The memoranda may not exceed five pages, and must be filed within ten days of the docketing of this order.

DATED this 8th day of September, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge