1  **WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation.<br><br>THIS DOCUMENT RELATES TO:<br><br>Leeds, Jackie v. Matrixx Initiatives, Inc., et al.<br>CV 10-0915-PHX-FJM | No. 09-md-2096-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiff Jackie Leed's motion to amend her complaint (doc. 706), defendants' response (doc. 820), and plaintiff's reply (doc. 832). Plaintiff moves for leave to file an untimely amended complaint, and to relate the amendments back to the date of the filing of the original complaint. Plaintiff seeks to add manufacturer and packager Botanical Laboratories, Inc. and retailer Wal-Mart as defendants. Because this motion was not filed or approved by Lead Counsel, and because plaintiff has not shown good cause to modify the Rule 16 Scheduling Order, we deny the motion for leave to amend.

First, this motion was not filed by plaintiffs' Lead Counsel, as required by Case Management Order #1 (doc. 182). We have reminded plaintiffs of the importance of this requirement before. See docs. 510, 673, and 831. Plaintiff explains that she contacted Lead Counsel, who informed her that defendants were not stipulating to any amendments. Plaintiff interpreted this information as implied permission to file this motion. However, defendants' position as to the amending of complaints has no bearing on plaintiffs and Lead Counsel's

1  responsibility to comply with our Case Management Order.

2  Second, even if Lead Counsel had filed this motion, we would deny it because of
3  plaintiff's failure to act diligently. Plaintiff filed this motion on August 18, 2010, over four
4  months after the April 15, 2010 deadline set by the Rule 16 Scheduling Order for motions
5  to amend or join additional parties, including retailers (doc. 183). The conditional transfer
6  order of plaintiff's case was entered on April 13, 2010, and plaintiff's complaint was
7  consolidated with this MDL on April 27, 2010 (doc. 315). As we have previously explained,
8  because the Rule16 deadline has passed, the Rule 15, Fed. R. Civ. P. standard for amending
9  a complaint does not apply. See Order of August 10, 2010, doc. 673. Instead, plaintiff must
10 show good cause for modifying the scheduling order, pursuant to Rule 16(b)(3), Fed. R. Civ.
11 P. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 605 (9th Cir. 1992). We may
12 modify the order only "if it cannot reasonably be met despite the diligence of the party
13 seeking the extension." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087
14 (9th Cir. 2002). When the party seeking modification is not diligent, "the inquiry should end
15 and the motion to modify should not be granted." Id.

16 Plaintiff has not shown that she acted diligently to comply with the order, and thus
17 there is no good cause for modification. Given that plaintiff's action was not transferred to
18 the MDL until after the deadline for amendments had passed, it would be unfair to require
19 strict adherence to the scheduling order. However, plaintiff has delayed months, not days,
20 in moving for leave to amend. Plaintiff claims that she only learned of the existence of
21 Botanical Laboratories after joining the MDL, and did not know of the allegations against
22 Botanical until after expert reports were disclosed in August, 2010. Even assuming this is
23 true, a diligent party could have investigated Botanical's role as soon as he discovered its
24 involvement in the MDL, rather than wait several months to ascertain any possible liability.
25 Plaintiff also claims that Lead Counsel never instructed her as to the deadline for motions to
26 amend, and she did not know of the deadline " until recently." Reply, 2. This assertion is
27 unavailing, as a diligent party would have reviewed all relevant deadlines shortly after his
28 action was transferred to the MDL. Additionally, plaintiff offers no explanation for delaying

- 2 -

1  so long before naming Wal-Mart as a defendant.

2  Finally, plaintiff argues she preserved her claims against unnamed defendants by
3  including fictitious parties Does 1 though 10 and Roe Corporations 1 though 10 in her
4  complaint.  However, plaintiff's highly generalized allegations that these unnamed parties
5  "are responsible in some manner for designing, labeling, manufacturing, marketing,
6  distributing or selling the product" do not constitute the requisite diligence.  Plaintiff
7  apparently made no immediate effort to identify these parties.  Because Rule 10(a), Fed. R.
8  Civ. P., requires complaints to name all the parties, fictitiously named defendants are neither
9  favored nor allowed in federal court.

10  We thus find no good cause to modify our order by granting plaintiff leave to amend
11  months after her case was transferred to the MDL.  Therefore, **IT IS ORDERED**
12  **DENYING** plaintiff's motion for leave to file an amended complaint (doc. 706).

13  DATED this 14th day of September, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge