ZIMMERMAN REED P.L.L.P.
CHARLES S. ZIMMERMAN
TIMOTHY J. BECKER
STACY K. HAUER
14646 N. Kierland Blvd, Suite 145
Scottsdale, Arizona 85254
Charles.Zimmerman@zimmreed.com
Timothy.Becker@zimmreed.com
Stacy.Hauer@zimmreed.com
Tel.: (480) 348.6400
Fax: (480) 348.6415

Lead Counsel for Personal Injury Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

*IN RE: ZICAM COLD REMEDY MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION*

THIS DOCUMENT RELATES TO:

All Personal Injury Actions.

Case No. 2:09-md-02096 FJM

**PLAINTIFFS' MOTION TO COMPEL INDEMNIFICATION AGREEMENT**

Plaintiffs, move to compel production of the indemnification agreement entered into by the Defendants to this action relating to the manufacture of Zicam intranasal zinc products. The discovery is required by Federal Rule 26, is clearly relevant and no privilege exists that would protect this document from production.

Federal Rule 26(a)(iv) requires Defendants to produce all insurance and indemnification agreements. Furthermore, Plaintiffs specifically served Request for Production of Documents on March 29, 2010 requesting copies of any insurance and indemnification agreements. *See* Exh. A. Defendants served responses to these requests on June 1, 2010, July 27, 2010 and September 15, 2010. Responses by Defendants indicate they intended to produce, "non-privileged, non-objectionable documents containing potentially responsive information are included in Defendant's [sic] document production." *See* Exh. B and C. Defendants' position appears to be that the indemnification agreement is not relevant, and even if it is, that it is not required to be produced as it is privileged. *See* Exh. D.

Plaintiffs' complaints universally allege manufacturing defect claims against Botanical. Hence, any indemnification agreement between Defendants relating to the manufacture of Zicam is clearly relevant. Further, as this Court is aware, the parties' settlement negotiations have been unsuccessful. Plaintiffs cannot have a meaningful understanding of Defendants settlement position without fully understanding the relationship between the Defendants, including any indemnification agreements for such claims.

Defendants' position that the indemnification agreement falls within the work

product doctrine or attorney-client privilege are equally unfounded. Specifically, the indemnification agreement cannot be work product because it was neither prepared by an attorney in anticipation of litigation nor contains an attorney's thoughts, impressions or ideas. *Hickman v. Taylor,* 329 U.S. 495, 509-12, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Fed.R.Civ.P 26(b)(3). Similarly, it cannot be covered by an attorney-client privilege, because it is not a communication between a client and their attorney, rather a contractual agreement between two parties. Since the attorney-client privilege "impedes full and free discovery of the truth," it must be strictly construed. *Weil v. Inv./Indictators, Research & Mgmt.,* 647 F.2d 18, 24 (9th Cir.1981). For the privilege to apply, the following elements must be present: "(1) When legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived." *United States v. Martin,* 278 F.3d 988, 999 (9th Cir.2002) (citing 8 Wigmore, *Evidence* §§ 2292, at 554 (McNaughton rev.1961)). Here, the agreement is communication between two non-lawyers (Botanical and Matrixx). As a result, neither of these privileges applies to the indemnification agreement.

Defendants attempt to withhold from Plaintiffs an indemnification agreement that: a) is required to be produced by the Federal Rules, b) is relevant to the litigation, and c) is not protected by an applicable privilege. Plaintiffs, therefore, request an order requiring Defendants to immediately produce the indemnification agreement between Botanical Laboratories, Zicam LLC, and/or Matrixx Initiatives.

DATED: September 16, 2010

Respectfully submitted,

ZIMMERMAN REED P.L.L.P.

*s/ Charles S. Zimmerman*
CHARLES S. ZIMMERMAN
TIMOTHY J. BECKER
STACY K. HAUER
14646 N. Kierland Blvd, Suite 145
Scottsdale, Arizona 85254
Charles.Zimmerman@zimmreed.com
Timothy.Becker@zimmreed.com
Stacy.Hauer@zimmreed.com
Tel.: (480) 348.6400
Fax: (480) 348.6415

***Lead Counsel for Personal Injury Plaintiffs***

CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2010, the above document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ Carisa A. Vermeersch