**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation | No. 09-md-2096-PHX-FJM |
| | **ORDER** |
| This document relates to: | |
| Sharon Davis, et al. v. Matrixx Initiatives, Inc. et al. CV-10-0164-PHX-FJM | |

The court has before it plaintiffs Sharon Davis, et al.'s "Motion for Voluntary Dismissal Without Prejudice" (doc. 677), as well as plaintiffs' supplemental memorandum (doc. 880), and defendants' responsive memorandum (doc. 896). These memoranda were filed pursuant to our order of September 8, 2010, directing plaintiffs to explain what they intend to do with their claims, and how dismissal without prejudice would be consistent with the MDL process and the orders of this court, and also granting defendants leave to file a memorandum stating their position on the motion to dismiss (doc. 831).

Because defendants have served an answer to plaintiffs' complaint (doc. 457), the action may only be dismissed by court order, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In addition to our previously expressed concerns about the impact of dismissal on the MDL process, we also must "determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Westlands Water Dist. v. United

1  States, 100 F.3d 94, 97 (9th Cir. 1996). Legal prejudice is "prejudice to some legal interest,
2  some legal claim, some legal argument." Id. The expenses incurred in defending a lawsuit
3  do not constitute legal prejudice. Id.

4  Plaintiffs explain that while they believed their claims were valid when they filed
5  them, they have since determined that additional information would be necessary to justify
6  proceeding. Plaintiffs state that they would agree to a dismissal that required: (1) any further
7  action on their claims be filed in the United State District Court for the District of Arizona;
8  and (2) compliance with the MDL's scheduling orders. Plaintiffs assert that dismissal would
9  not waste judicial time and effort, whereas requiring plaintiffs to proceed now would.
10 Plaintiffs further claim that defendants will not be prejudiced, as evidenced by their initial
11 decision not to respond to plaintiffs' motion.

12 Defendants now disagree, arguing they would be prejudiced because of the efforts
13 they have already made. Defendants have answered the complaint, and attempted to obtain
14 discovery against the twenty-five plaintiffs in this action. They note that ten of these
15 plaintiffs have not timely submitted a Fact Sheet, as required by Case Management Order #2
16 (doc. 398), and fourteen have filed incomplete fact sheets. Additionally, none of the twenty-
17 five plaintiffs timely submitted responses to defendants' special interrogatories.

18 While prejudice does not result just because defendants will be inconvenienced and
19 incur additional expenses, see Smith v. Lenches, 263 F.3d 972, 976 (9th Cir. 2001), given
20 the unique coordination issues present in an MDL, we conclude that plaintiffs have not
21 alleviated our concerns about granting dismissal without prejudice. First, we note that
22 plaintiffs claim they lack information necessary to proceed with their claims, but give no
23 indication of what kind of information they do not have, or how they might obtain it at a later
24 date. Second, their willingness to limit any subsequent litigation of their claims to this
25 district, and in compliance with our case management orders, could sufficiently address the
26 MDL statute's requirement that transferred actions "be conducted by a judge or judges to
27 whom such actions are assigned by the judicial panel on multidistrict litigation." 28 U.S.C.
28

1 §1407(b). But this would only be true if plaintiffs filed their next complaint well in advance
2 of the conclusion of the MDL. Plaintiffs have offered no assurances that they would do so.

3 Third, and most importantly, in establishing this MDL, the Judicial Panel on
4 Multidistrict Litigation sought not only to avoid duplicative discovery and inconsistent
5 pretrial rulings, but also "to conserve the resources of the parties, their counsel and the
6 judiciary." Transfer Order, 2 (doc. 1). Granting dismissal without prejudice is incompatible
7 with that objective. Our Rule 16 and case management orders were crafted to fulfill the
8 objective of 28 U.S.C. § 1407 to "promote the just and *efficient* conduct of such actions."
9 Defendants have already expended significant resources to comply with our orders and
10 advance the progress of these claims towards final resolution. Allowing plaintiffs the
11 opportunity to start over again would force defendants to answer another complaint, and to
12 propound the same discovery to which plaintiffs have already neglected to respond, and give
13 plaintiffs another chance to comply with the already ignored deadlines.

14 Finally, plaintiffs' motion raises the possibility that other plaintiffs would seek similar
15 leave. This MDL is composed of nearly 200 actions. Piecemeal withdrawals would deprive
16 the MDL of some of its supposed benefits.

17 Therefore, **IT IS ORDERED DENYING** plaintiffs' motion for voluntary dismissal
18 without prejudice (doc. 677).

19 DATED this 24th day of September, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -