**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation. <br><br> THIS DOCUMENT RELATES TO: <br><br> Collins, Debra v. Matrixx Initiatives, Inc., et al. <br> CV 10-0941-PHX-FJM | No. 09-md-2096-PHX-FJM <br><br> **ORDER** |

The court has before it plaintiff Debra Collins's motion for leave to amend her complaint (doc. 836), defendants' response (doc. 891), and plaintiff's reply (doc. 913). Plaintiff moves to relate the amendments back to the date of the filing of the original complaint, and to add as defendants packager Botanical Laboratories, Inc., and retailers Safeway, Inc. and the Kroger Co.

Our Rule 16 Scheduling Order set a deadline of April 15, 2010 for motions to amend or join additional parties, including retailers (doc. 183). Collins's conditional transfer order was entered on April 28, 2010 (doc. 11), and her case was transferred on April 29, 2010 (doc. 14). While it would be unfair to hold plaintiff to a deadline that passed before her case was docketed here, we do require plaintiff to show good cause for modifying the scheduling order to permit the filing of her motion on September 9, 2010. Fed. R. Civ. P 16(b)(3). See also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 605 (9th Cir. 1992). We may modify the order only "if it cannot reasonably be met despite the diligence of the party seeking the

1  extension." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir.
2  2002). When the party seeking modification is not diligent, "the inquiry should end and the
3  motion to modify should not be granted." Id.

4  As of April 29, 2010, the date plaintiff's complaint was consolidated with this MDL,
5  plaintiff should have been aware of the deadlines in our Rule 16 Scheduling Order. Yet, she
6  waited until September 9, 2010, to file this motion, almost five months after her case was
7  transferred. She explains only that her motion is based on "legal determinations made by
8  plaintiff's counsel since these cases have been filed," and that she "had been making a
9  diligent effort in obtaining the names of every retailer where she purchased Zicam." Motion
10 to Amend, 2, 4.

11 Because this is not sufficient, we conclude that plaintiff has not shown that she acted
12 diligently to comply with the order. First, plaintiff offers no explanation as to why she
13 waited nearly five months to name Botanical as a defendant. Second, plaintiff does not
14 explain why her "diligent effort" to figure out where she purchased Zicam took so long. We
15 agree with plaintiff that requiring strict adherence to a deadline that did not apply to her at
16 the time it passed would be unduly prejudicial. However, parties who have joined this MDL
17 after relevant deadlines have passed still must make all reasonable efforts to comply with our
18 orders as quickly as possible. By waiting nearly five months to file her motion to amend, we
19 conclude plaintiff has not made such an effort

20 Accordingly, **IT IS ORDERED DENYING** plaintiff's motion for leave to file an
21 amended complaint (doc. 836).

22 DATED this 7th day of October, 2010.

_____
Frederick J. Martone
United States District Judge

- 2 -