**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation. | No. 09-md-2096-PHX-FJM<br><br>**ORDER** |
| This document relates to:<br><br>All Personal Injury Actions. | |

The court has before it plaintiffs' "Motion to Compel Indemnification Agreement" (doc. 892) and defendants' response (doc. 948). Plaintiffs did not file a reply. Plaintiffs seek to compel the production of an indemnification agreement between defendants Matrixx and Botanical Laboratories relating to the manufacture of the Zicam intranasal products. Plaintiffs propounded a discovery request for documents relating to "all insurance policies Defendants have purchased to insure, indemnify or cover the Company in any injury stemming from the use of any product manufactured, sold or distributed by you stemming from the use of Defendants' products including those products subject to the Recall." Motion to Compel, ex. A at 5. Defendants refused to produce the agreement on the grounds that it is not relevant to any issue in this litigation, is not reasonably calculated to lead to the discovery of admissible evidence, and is protected by the work product doctrine and attorney-client privilege. Motion to Compel, ex. D.

First, plaintiffs contend that defendants must produce the agreement under Rule 26(a)(1)(A)(iv), Fed. R. Civ. P., which requires automatic disclosure of "any insurance

1 agreement under which an insurance business may be liable to satisfy all or part of a possible 2 judgment in the action or to indemnify or reimburse for payments made to satisfy the 3 judgment." The Advisory Committee notes explain that the "provision applies only to 4 persons 'carrying on an insurance business' and thus covers insurance companies and not the 5 ordinary business concern that enters into a contract of indemnification." Fed. R. Civ. P. 26, 6 advisory committee notes (1970 amendments).

7 Because no insurance business is a party to the agreement, Rule 26, Fed. R. Civ. P., 8 does not require its automatic disclosure. The rule explicitly applies only to agreements 9 covering the potential liability of insurance businesses, and the Advisory Committee notes 10 make clear that the rule does not reach contracts of indemnification.

11 Second, plaintiffs argue that the indemnification agreement between defendants is 12 relevant. Plaintiffs may obtain discovery of "any nonprivileged matter that is relevant to any 13 party's claim or defense." Fed. R. Civ. P. 26(b)(1). Plaintiffs claim the indemnification 14 agreement is relevant because most of the complaints assert manufacturing defect claims 15 against Botanical. This explains why defendants have included Botanical in this litigation, 16 but it does not demonstrate how the agreement is relevant to a claim of manufacturing defect, 17 or any other claim or defense. Plaintiffs also note that they need the agreement to fully 18 understand defendants' settlement position. While this is understandable, an indemnity 19 agreement that does not relate to a claim or defense is not within the scope of discoverable 20 material.

21 The indemnification agreement is not within required initial disclosures, and is not 22 relevant to any claim or defense. Therefore, **IT IS ORDERED DENYING** plaintiffs' 23 motion to compel (doc. 892).

24 DATED this 12th day of November, 2010.

Frederick J. Martone
United States District Judge

- 2 -