**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation.<br><br>THIS DOCUMENT RELATES TO:<br><br>Meza, Lisa v. Matrixx Initiatives, Inc., et al.<br>CV 10-2086-PHX-FJM. | No. 09-md-2096-PHX-FJM<br><br>**ORDER** |

The court has before it plaintiff Lisa Meza's motion for leave to amend her complaint (doc. 1118), defendants' response (doc. 1141), and plaintiff's reply (doc. 1166). Plaintiff moves for leave to add manufacturer and packager Botanical Laboratories, Inc. as a defendant.

Plaintiff filed her complaint on August 24, 2010, in the United States District Court for the Central District of California. The conditional transfer order of plaintiff's case was entered on September 27, 2010, and plaintiff's complaint was consolidated with this MDL on September 30, 2010 (doc. 924). Defendant CVS filed its answer on October 25, 2010 (doc. 1029), and Matrixx and Zicam answered on November 5, 2010 (doc. 1091). Plaintiff filed this motion on November 8, 2010. The Rule 16 Scheduling Order set a deadline of April 15, 2010 for motions to amend or join additional parties (doc. 183). As we have previously explained, because the Rule 16 deadline has passed, the Rule 15, Fed. R. Civ. P. standard for amending a complaint does not apply. See Order of October 12, 2010 (doc. 961). Instead, plaintiff must show that good cause exists for modifying the scheduling order.

See Fed. R. Civ. P 16(b)(3). Therefore, while it would be unfair to hold plaintiff to a deadline that passed before her case was docketed here, plaintiff must show good cause for permiting the filing of her motion on November 8, 2010. We may modify the order only "if it cannot reasonably be met despite the diligence of the party seeking the extension." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). When the party seeking modification is not diligent, "the inquiry should end and the motion to modify should not be granted." Id.

Shortly after September 30, 2010, when plaintiff's action was transferred to the MDL, plaintiff should have been aware of both the role of Botanical Laboratories and the deadlines in this MDL. Plaintiff filed her motion to amend just over a month after the transfer of her action. We conclude that a delay of this duration demonstrates diligence on plaintiff's part. The approximately five weeks that plaintiff used to become familiar with the party structure of the MDL, and to draft and file a motion for leave to amend is reasonable. Because plaintiff acted diligently to comply with our order, and because it would have been impossible for her to comply with the Rule 16 deadline for amendment, there is good cause for modification. Additionally, allowing plaintiff to amend now does not jeopardize the schedule of the MDL, nor does it unduly prejudice defendants. Botanical is already a defendant in many of the MDL actions, and it cannot be surprised that more recently transferred plaintiffs may also seek to add it as a defendant.

We thus conclude that there is good cause to allow plaintiff leave to amend. Therefore, **IT IS ORDERED GRANTING** plaintiff's motion for leave to file an amended complaint (doc. 1118). Pursuant to LRCiv 15.1, plaintiff must file and serve the amended complaint on all parties under Rule 5, Fed. R. Civ. P., within 14 days of the filing of this order.

DATED this 29th day of November, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -