**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation.<br><br>THIS DOCUMENT RELATES TO:<br><br>All Personal Injury Actions. | No. 09-md-2096-PHX-FJM<br><br>**ORDER** |

Defendants filed a "Motion to Dismiss for Plaintiffs' Failure to Comply with Court-Ordered Discovery" (doc. 1162), seeking the dismissal of some of the individual personal injury plaintiffs. The court has before it the parties' "Stipulation for Extension of Briefing Deadlines" (doc. 1203). We also have a response in opposition to defendants' motion to dismiss filed by six individual plaintiffs (doc. 1202), and another response filed by two other plaintiffs (doc. 1208). The parties request a forty-five day extension of the briefing deadlines, so that plaintiffs' response would be due on January 20, 2011, and defendants' reply would be due on January 31, 2011. The parties point to holiday scheduling conflicts and ongoing settlement negotiations. Despite our reservations explained below, we grant the parties' request for an extension. We also strike plaintiffs' responses.

First, the parties state that we have not yet set a hearing date for defendants' motion to dismiss. Stipulation at 1. However, our decision as to whether to grant oral argument on the motion has no bearing on the propriety of extending the briefing deadlines. That we have

1 not set a hearing is irrelevant. Motions are rarely scheduled for oral argument.

2 Second, there appears to be some tension between the request for a lengthy extension 3 of the deadlines and the defendants' contentions in their motion to dismiss. The parties cite 4 ongoing settlement negotiations as a reason for pushing back the briefing deadlines. 5 Stipulation at 1–2. However, defendants state in their motion to dismiss that the discovery 6 that certain plaintiffs have failed to provide would allow "Defendants to assess their 7 defenses, prepare for pretrial and trial activities, and evaluate settlement. . . . This imbalance 8 hinders the Parties' ability to fairly assess the merits of the respective positions and to resolve 9 the litigation by motion, at trial, or by settlement." Motion to Dismiss at 8. Thus, there is 10 inconsistency between defendants' stated urgent need for plaintiffs' discovery responses and 11 the proposal to delay the deadlines for their motion by a month and a half. Defendants go 12 on to explain that it is "impossible" for defendant Matrixx "to conduct global settlement 13 discussions without knowing the full extent of their liability exposure." Motion to Dismiss 14 at 11. We fail to understand how settlement negotiations could be the basis for delaying the 15 briefing on the motion to dismiss, the resolution of which is allegedly vital to any settlement 16 agreement.

17 Third, the stipulation was filed just after six plaintiffs separately filed a response to 18 defendants' motion to dismiss (docs. 1202) and just before another two plaintiffs filed their 19 own response (doc. 1208). These individual plaintiffs address the merits of defendants' 20 motion, and contend that they have adequately responded to defendants' discovery requests. 21 Plaintiffs' responses were neither filed nor apparently approved by plaintiffs' Lead Counsel, 22 as required by Case Management Order #1 (doc. 182). The almost concurrent filing of the 23 two plaintiffs' responses and the stipulation to extend the deadline to respond demonstrates 24 a lack of coordination between plaintiffs and Lead Counsel. This is a not a new problem. 25 See docs. 510, 673, 831 and 876. A principal purpose in appointing Lead Counsel is to avoid 26 inconsistent filings.

27 We therefore strike the two plaintiffs' responses because they fail to comply with 28 Case Management Order #1 at 4–5 ("No pleadings or other papers shall be filed or tasks

- 2 -

1  performed by Plaintiffs' Counsel in the Personal Injury Actions without the advance approval
2  of Lead Counsel for the Personal Injury Actions....[A]ll pleadings or other papers filed with
3  the Court on behalf of any Plaintiff in the Personal Injury Action shall be filed through Lead
4  Counsel for the Personal Injury Actions.").

5  　　　Notwithstanding these misgivings, we grant the stipulated extension because the
6  proposed deadlines do not jeopardize the MDL schedule.  Neither the extension nor its
7  consequences shall be the basis for any amendments to the Rule 16 order.

8  　　　Therefore, **IT IS ORDERED GRANTING** the parties' request for an extension of
9  briefing deadlines (doc. 1203).  Plaintiffs' response to defendants' motion to dismiss shall
10 be due January 20, 2011, and defendants' reply shall be due January 31, 2011.  **IT IS**
11 **FURTHER ORDERED STRIKING** plaintiffs' two responses (docs. 1202 & 1208).

12 　　　DATED this 3rd day of December, 2010.

　　　　　　　　　　　　　　　　_Frederick J. Martone_
　　　　　　　　　　　　　　　　Frederick J. Martone
　　　　　　　　　　　　　　　　United States District Judge