**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation. | No. 09-md-2096-PHX-FJM |
| THIS DOCUMENT RELATES TO: | **ORDER** |
| All Economic Injury Actions. | |

The court has before it "Plaintiffs' Unopposed Motion to Dismiss Efficacy Claims" (doc. 998) and "Plaintiffs' Unopposed Motion for Certification and Final Approval of an Injunctive Relief Only Settlement Class Limited to the Intra-Nasal Products" (doc. 999). We also have "Plaintiffs' Response to the Court's November 2, 2010 Order" (doc. 1119) and "Defendants' Supplemental Memorandum in Response to the Court's November 2, 2010 Order" (doc. 1120).

We now set a status conference and hearing on the motions to dismiss the economic injury efficacy claims and on the proposed class certification and settlement. The hearing is set for January 13, 2011 from 2:00 p.m. to 3:00 p.m. The parties should be prepared to discuss, among other things, the following issues.

First, is class treatment necessary? Would the parties be amenable to settling plaintiffs' injunctive relief claims without certifying a class?

Second, if we do certify a class and preliminarily approve the settlement agreement,

1  how do the parties plan to provide the required notice to class members? <u>Compare</u> Fed. R.
2  Civ. P. 23(c)(2)(A), <u>with</u> Fed. R. Civ. P. 23(e)(1) ("The court must direct notice in a
3  reasonable manner to all class members who would be bound by the proposal."). The parties
4  should explain both the form and substance of the proposed notice.

5  Third, if we approve the proposed settlement, what is the status of plaintiffs' safety-
6  based claims for damages? Plaintiffs state that they are not included in the settlement
7  because: (1) "the ability to recover any safety-related damages is remote"; (2) any potential
8  recovery is "outweighed by the risk, expense and complexity of continued litigation"; and
9  (3) defendants lack the resources "to satisfy a substantial monetary judgment or settlement."
10 <u>Plaintiffs' Response</u> at 4. They further assert that they limited their settlement to injunctive
11 relief claims to avoid the cost of class notice. <u>Plaintiffs' Response</u> at 5. Defendants maintain
12 that there "are no viable 'no injury' claims for monetary relief relating to the safety of these
13 products." <u>Defendants' Response</u> at 5. This may all be true, but plaintiffs assert claims for
14 damages. <u>See</u> <u>Consolidated Complaint</u> at 39 (doc 187). Do plaintiffs now agree to dismiss
15 these claims with prejudice?

16 **IT IS ORDERED** setting a status conference and hearing for January 13, 2011 at
17 2:00 p.m. Out of District counsel are welcome to appear by telephone.

18 DATED this 3rd day of December, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 2 -