**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation.

No. 09-md-2096-PHX-FJM

**ORDER**

THIS DOCUMENT RELATES TO:

All Personal Injury Actions.

We have before us defendants' "Motion to Strike Amended Report and Additional Opinions of Steven Pike, M.D." (doc. 1064), plaintiffs' response (doc. 1224), and defendants' reply (doc. 1276). Defendants argue that Dr. Pike's amended report is untimely, in violation of Rule 26, Fed. R. Civ. P., and our Rule 16 Scheduling Order (doc. 183). Defendants further allege that at his deposition, Dr. Pike references articles and ideas that were not addressed in either of his reports.

Our Rule 16 order set a deadline for disclosures of July 15, 2010. Plaintiffs timely served Dr. Pike's original report, but then served an amended report a month later, on August 16, 2010.[1] The new report included several new sections and one expanded section. Compare Pike Report (doc. 1067-9) with Pike Amended Report (doc. 1067-10). Defendants timely served several expert reports on August 16, 2010 (doc. 694), in accordance with the Rule 16 deadline. The parties also agreed to an extension of the deadline for defendants to

---

[1] Plaintiffs claim they served the Amended Report on August 11, 2010. Response at 5 (doc. 1224).

1 serve an additional expert report and amended reports to September 13, 2010.  Defendants
2 deposed Dr. Pike on September 21, 2010.  In his deposition, Dr. Pike explained that he had
3 run out of time in drafting his report, and that plaintiffs' counsel assured him he would be
4 able to supplement it at a later date.  Pike Deposition at 23 (doc. 1068-1).  Defendants claim
5 they were prejudiced because they and their experts had to review new material cited by Dr.
6 Pike, analyze new and expanded opinions, and prepare amended reports, all of which could
7 have been avoided.

8       Parties must disclose expert testimony "at the times and in the sequence that the court
9 orders."  Fed. R. Civ. P. 26(a)(2)(D).  An expert disclosure must be accompanied by a written
10 report that includes: " (i) a complete statement of all opinions the witness will express and
11 the basis and reasons for them; (ii) the facts or data considered by the witness in forming
12 them; (iii) any exhibits that will be used to summarize or support them."  Fed. R. Civ. P.
13 26(a)(2)(B).  A party should supplement its expert disclosure in a timely manner if its learns
14 the disclosure is materially incomplete or incorrect, and the corrective information has not
15 otherwise been made known to the other parties.  Fed. R. Civ. P. 26(e).  This rule does not
16 allow parties to supplement their reports with information that was available prior to the
17 disclosure deadline.  See Salgado by Salgado v. General Motors Corp., 150 F.3d 735 (7th
18 Cir. 1998) (upholding district's court exclusion of untimely expert report despite counsel's
19 explanation that the report was preliminary).

20       If a party fails to comply with the disclosure rules, "the party is not allowed to use that
21 information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the
22 failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); see also Torres
23 v. City of Los Angeles, 548 F.3d 1197, 1212 (9th Cir. 2008) ("We have explained that Rule
24 37(c)(1) gives teeth to this requirement by forbidding the use at trial of any information
25 required to be disclosed by Rule 26(a) that is not properly disclosed.").  It is plaintiffs'
26 burden to show that the failure to comply with Rule 26(a), Fed. R. Civ. P., is substantially
27 justified or harmless.  Torres, 548 F.3d at 1213 (burden is on the party facing the sanction
28 to demonstrate that the failure to comply with Rule 26(a) is substantially justified or

1 harmless; the other party is not required to articulate how he would be prejudiced.).

2 While plaintiffs' delay in serving Dr. Pike's amended report is regrettable and not
3 substantially justified, it was ultimately harmless. First, the parties' negotiations to extend
4 the deadlines for serving defendants' expert reports gave defendants' experts' sufficient time
5 to amend their reports in response to Dr. Pike's amended report. Second, defendants did not
6 depose Dr. Pike until over a month after plaintiffs served his amended report. This is
7 sufficient time to prepare for his deposition. Third, defendants' decision to wait three months
8 to object to the amended report further suggests they were not significantly harmed by the
9 delay.

10 Clearly plaintiffs' failure to timely serve the report inconvenienced defendants and
11 their experts, creating extra work and expense. However, this is not the kind of harm that
12 justifies the extreme measure of striking the amended report. Defendants had an adequate
13 opportunity to respond to Dr. Pike's amended report, and thus the delay did not harm their
14 ability to present their case.

15 Therefore, **IT IS ORDERED DENYING** defendants' "Motion to Strike Amended
16 Report and Additional Opinions of Steven Pike, M.D." (doc. 1064).

17 DATED this 17th day of February, 2011.

*[signature: Frederick J. Martone]*
Frederick J. Martone
United States District Judge