**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation. | No. 09-md-2096-PHX-FJM  **ORDER** |
| THIS DOCUMENT RELATES TO: | |
| All Economic Injury Actions. | |

The court has before it plaintiffs' "Proposed Order Certifying Settlement Class and Preliminarily Approving Settlement" (doc. 1369-1) and "Proposed Judgment, Final Order and Decree" (doc. 1369-2). We also have the parties' "Amended Economic Injury and Class Settlement Agreement and Release" (doc. 1358-1).

Plaintiffs seek our preliminary certification of the following class: "All persons in the United States who purchased Zicam Cold Remedy Nasal Spray, Zicam Cold Remedy Swabs, and/or Zicam Cold Remedy Swabs (kids size) for personal, family or household use between January 1, 1999 and October 19, 2010. Excluded from the class are all persons who suffered bodily injury arising from the use of these products." Proposed Order Certifying Settlement Class at 2; see also Proposed Judgment, Final Order and Decree at 2. However, in the proposed Settlement Agreement and Release, the class is defined slightly differently:

1  "'Zicam Cold Remedy Intra-Nasal Safety Settlement Class' means all persons in the United
2  States who purchased Zicam Cold Remedy Nasal Spray, Zicam Cold Remedy Swabs, or
3  Zicam Cold Remedy Swabs (kid size), for personal, family or household use between
4  January 1, 1999 through the Execution Date and *claim that the products were not safe*.
5  Excluded from the Settlement Class are all persons who suffered bodily injuries arising from
6  the use of these products." <u>Amended Economic Injury and Class Settlement Agreement and</u>
7  <u>Release</u>, § 1.11 (emphasis added). It is therefore unclear whether the proposed class includes
8  all purchasers of the products (except those who allege bodily injury), or all purchasers who
9  claim the products were not safe (except those who allege bodily injury).

10  In addition, plaintiffs propose to release "any and all claims . . . asserted or that could
11  have been asserted in the Included Actions," excluding claims for bodily injury or claims that
12  the products were not effective or that defendants lacked adequate scientific proof of their
13  efficacy. <u>Proposed Judgment, Final Order and Decree</u> at 5–6. In the proposed Settlement
14  Agreement and Release, the parties define "released claims" as "all claims" that any member
15  of the settlement class asserted or could have asserted "*based upon, arising out of, or relating*
16  *to, the safety* of Zicam Cold Remedy Intra-Nasal Products," excluding bodily injury and
17  efficacy claims. <u>Amended Economic Injury and Class Settlement Agreement and Release</u>,
18  § 1.14 (emphasis added). But also in the proposed Settlement Agreement and Release,
19  plaintiffs agree to release "any and all claims" that were "asserted or could have been
20  asserted in the Included Actions," excluding bodily injury and efficacy claims, but without
21  the "safety-related" limitation. <u>Id</u>. at § 3.1.

22  Therefore, we note some divergence in the definitions of both the proposed class and
23  the released claims. The parties have not explained what, if any, significance there is in these
24  variations. While we do not wish to make a mountain out of a molehill, we do wish to fully
25  understand the settlement.

27  Accordingly, **IT IS ORDERED** that the parties shall submit a joint supplemental
28  memorandum addressing these apparent inconsistencies. The memorandum must be filed

- 2 -

by lead counsel, may not exceed five pages, and filed within ten days of the docketing of this order.

DATED this 3rd day of March, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -