**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing,) Sales Practices, and Products Liability) Litigation. ) | No. 09-md-2096-PHX-FJM |
| ——————————————— ) | **ORDER** |
| ) | |
| THIS DOCUMENT RELATES TO: ) | |
| ) | |
| All Personal Injury Actions. ) | |
| ) | |
| ——————————————— ) | |

We have before us defendants' motion for reconsideration (doc. 1382) of our Order on Motion to Exclude Causation Experts (doc. 1360). Because defendants' motion does not identify any matter overlooked or misunderstood, we do not order a response from plaintiffs. See LRCiv 7.2(g)(2).

We deny a motion for reconsideration "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [our] attention earlier with reasonable diligence." LRCiv 7.2(g)(1). A motion for reconsideration may not "repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." Id. We grant a motion for reconsideration in only "highly unusual circumstances," when we are "presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Carroll v. Nakatani, 342 F.3d 934, 944 (9th Cir. 2003) (applying Rule 59(e), Fed. R. Civ. P.). Mere disagreement with an order is an insufficient basis for reconsideration, nor should reconsideration be used to ask the court to rethink its analysis. Bobolas v. Does, 2011 WL

810325, *1 (D. Ariz. 2011).

Defendants first argue that Drs. Mitra and Pike's opinions that ordinary use of Zicam can deliver zinc to the olfactory epithelium ("OE") through diffusion does not qualify as admissible scientific knowledge. Motion to Reconsider at 5. Defendants claim that in applying the principle of diffusion, the experts unjustifiably extrapolate from an accepted premise to an unfounded conclusion. However, we previously rejected this exact argument in concluding "that Dr. Mitra's extrapolation based on the principle of diffusion and Zicam's propensity to release zinc ions that zinc could reach the OE is not a significant analytic gap," and that "defendants' questions about the rate of substance dispersion, clearance and absorption" go to weight, rather than admissibility of the opinion. Order on Motion to Exclude Causation Experts at 22. We again reject defendants' contention that an expert's opinion is not based on scientific knowledge because he does not cite studies directly demonstrating every point that underlies his theory. Defendants also contend that the experts' failure to review all relevant studies is fatal to the admissibility of their opinions. Motion to Reconsider at 13. As we previously explained with respect to Dr. Davis, defendants may explore an expert's decision not to address all contradictory research through cross-examination. Order on Motion to Exclude Causation Experts at 19.

Defendants next contend that our decision to admit Dr. Pike's opinion that zinc ions may reach the OE through electro-osmosis is erroneous because his assumption of a significant electrical gradient lacks foundation. Motion to Reconsider at 15. Dr. Pike asserts that the nasal pH is 6.35 and Zicam has a "buffered pH of 7.2, thus its application into the nose would make the nose more electronegative." Pike Report at 13. He further contends that the "relative electronegativity compared to the mouth and pharynx, would result in a higher net retention of zinc cations in the nose and a slower elimination of zinc cations by natural nasal clearing mechanisms." Id. While the basis for Dr. Pike's potentially contradictory statement in his deposition that the nasal cavity has a pH level of 7.4 is unclear, it does not render his opinion that differences in electronegativity could cause zinc ions from Zicam to move through the nasal cavity unreliable. The opinion is based on reliable

1   scientific principles. <u>Daubert Order</u> at 26. Additionally, as we previously concluded, the
2   extrapolation from the principle of electro-osmosis to the conclusion that zinc from Zicam
3   may reach the OE does not entail a large analytic gap. The absence of analysis of the exact
4   amount needed to cause anosmia does not leave Dr. Pike's opinion unreliable.

5        Next, defendants argue that the experts' opinions are unreliable because they do not
6   adequately establish a dose-response curve. <u>Motion to Reconsider</u> at 18. Defendants
7   previously made this same argument. <u>See</u> <u>Motion to Exclude Causation Experts</u> at 32 (doc.
8   1061). We determined that there is no large analytic gap between the established toxicity of
9   zinc and the possibility that zinc ions may reach the OE to the conclusion that Zicam could
10   be toxic. As explained, the absence of testing and data on the amount necessary to cause
11   anosmia does not make the experts' causation opinions inadmissible.

12        Finally, defendants contend that the experts' opinions are unreliable because they do
13   not account for all relevant data. <u>Motion to Reconsider</u> at 20. Defendants object to our
14   conclusion that the experts' failure to address all pertinent studies goes to the weight, rather
15   than the admissibility of their opinions. <u>See</u> <u>Order on Motion to Exclude Causation Experts</u>
16   at 28. But disagreement with our conclusion does not make it manifestly erroneous.
17   Defendants' request that we rethink our analysis is not the proper subject of a motion to
18   reconsider.

19        Because defendants have failed to establish any basis for reconsideration, **IT IS**
20   **ORDERED DENYING** defendants' "Motion for Reconsideration of Court's Daubert
21   Order" (doc. 1382).

22        DATED this 17th day of March, 2011.

23

24           _Frederick J. Martone_
25               Frederick J. Martone
                 United States District Judge
26

27

28