**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation. | No. 09-md-2096-PHX-FJM |
| | **ORDER** |
| THIS DOCUMENT RELATES TO: | |
| Michael Nelson v. Matrixx Initiatives, Inc., et al., No. CV-09-2301 | |

We have before us plaintiff Michael Nelson's separate response to defendants' motion for summary judgment (doc. 1416) and defendants' reply (doc. 1428). Because plaintiff's filings do not comply with our orders or the Federal Rules of Civil Procedure, we grant defendants' request to strike plaintiff's response and all supporting documents.

Plaintiff's response is inconsistent with Case Management Order #1, in which we authorized Lead Counsel for the personal injury plaintiffs to "[d]etermine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs on matters arising during pretrial proceedings." CMO #1 at 3 (doc. 182). This delegation of authority promotes the "efficient administration of this case" by avoiding duplicative briefing of pretrial motions. To require the court and defendants to address responses from each individual plaintiff would erode the efficiencies of the MDL process. Accordingly, plaintiff is not permitted to separately brief this issue of general applicability.

In addition to streamlining the resolution of pretrial motions, we also delegated briefing to lead counsel to avoid filings that are not in compliance with our orders, as well

as the rules of procedure. Plaintiff's response demonstrates the significance of this concern.

Plaintiff's attempt to introduce his own opinions through his response to defendants' motion for summary judgment violates Rule 26, Fed. R. Civ. P. Plaintiff relies on his previously undisclosed opinions about coughing and of the reliability of defendants' scientific evidence. See Nelson Response at 11–21. These theories may only be offered through expert testimony. However, plaintiff has not been disclosed as an expert, no expert report on these issues was provided, and defendants did not have the opportunity to depose plaintiff. See Fed. R. Civ. P. 26(a)(2).

Plaintiff's response is also inconsistent with our Rule 16 Scheduling Order (doc. 183). The order set a deadline of July 15, 2010 for disclosure of all plaintiffs' expert testimony. Rule 16 Order at 2; see also Fed. R. Civ. P. 26(a)(2)(D) (expert disclosures must be made "at the times and in the sequence that the court orders"). Over nine months after this deadline passed, plaintiff seeks to introduce his own "expert" opinions, and rely on them in responding to defendants' motion for summary judgment.

In addition, plaintiff's request that we exclude four of defendants' exhibits is properly made in a Daubert motion. See Nelson Response at 21. Our Rule 16 Order set a November 1, 2010 deadline for all Daubert motions. See Rule 16 Order at 2. Therefore, plaintiff's request is over six months late.

Therefore, **IT IS ORDERED STRIKING** plaintiff Michael Nelson's response to defendants' motion for summary judgment (doc. 1416), plaintiff Michael Nelson's response to defendants' Statement of Material Facts (doc. 1417), and plaintiff Michael Nelson's declaration (doc. 1418).

**IT IS FURTHER ORDERED DENYING** as moot plaintiff Michael Nelson's motion to file documents under seal (doc. 1420).

DATED this 28th day of April, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

- 2 -