**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation. | No. 09-md-2096-PHX-FJM<br><br>**ORDER** |
| THIS DOCUMENT RELATES TO:<br><br>Doris Raub v. Matrixx Initiatives, Inc. et al.<br>No. CV-11-0561 | |

The court has before it defendants' motion for summary judgment on plaintiff Doris Raub's claims (doc. 1446), plaintiff's response (doc. 1469), and defendants' reply (doc. 1474). Plaintiff requests that we deny summary judgment and recommend that the Panel on Multidistrict Litigation ("Panel") remand this action to the United States District Court for the Northern District of Texas.

Plaintiff filed her complaint in the District Court of Wichita County, Texas on February 3, 2011. Defendants removed to the United States District Court for the Northern District of Texas on March 1, 2011, and the case was consolidated with this MDL on March 17, 2011. Plaintiff alleges that her use of Zicam Cold Remedy Oral Mist caused the permanent and irreversible loss of her ability to smell and taste. See Raub v. Zicam LLC, et al., No. CV-11-0561, Notice of Removal, ex. 1, "Petition" at 4 (doc. 1-1). Plaintiff asserts causes of action for (1) unreasonably dangerous product design and manufacturing; (2) unreasonably dangerous product marketing; (3) misrepresentation; (4) violation of the Texas Deceptive Trade Practices Act; (5) breach of express and implied warranties; (6) negligence;

and (7) gross negligence/fraud/malice.

The vast majority of claims in this MDL arise from the use of Zicam intranasal products, which were recalled from the market following the Food and Drug Administration's issuance of a Warning Letter about safety concerns with the intranasal products.[1] In contrast, plaintiff alleges injury as a result of her use of an oral product. The issue then is whether recently consolidated personal injury claims not related to the intranasal products may be adjudicated on the basis of the pretrial proceedings in this MDL.

The deadline for disclosure of plaintiffs' expert testimony was October 15, 2010. Rule 16 Scheduling Order at 2 (doc. 183). Defendants argue that plaintiff has produced no evidence that Zicam Cold Remedy Oral Mist can cause anosmia, and therefore, plaintiff's claims all fail under Texas law. Defendants also argue that the admission of untimely expert testimony would be inconsistent with the purposes of this MDL, and would be disruptive of our Rule 16 Scheduling Order, under which the MDL is to be terminated soon.

Plaintiff agrees with defendants that the MDL plaintiffs have not produced expert testimony supporting a causal link between smell dysfunction and the Zicam oral products. Pursuant to Rule 56(d), Fed. R. Civ. P., plaintiff declares she cannot present facts essential to justify her opposition to defendant's motion. Plaintiff explains that by the time her case was transferred to the MDL, almost every significant deadline had passed, and that she needs more time to locate an expert on the causal connection between her injuries and Zicam Oral Mist. Plaintiff's lawyer states that he is in the process of locating an expert on causation. Affidavit of Joe Steimel (doc. 1469-2). Accordingly, plaintiff requests that we recommend that the Panel remand this action to the United States District Court for the Northern District of Texas. Defendants argue that plaintiff has failed to meet her burden under Rule 56(d) to provide "specified reasons" why she cannot yet present the evidence she needs. They claim counsel's unfounded speculation that the necessary evidence exists is insufficient.

---

[1] For a description of the intranasal products and plaintiffs' evidence of general causation, see Daubert Order (doc. 1360).

We consider plaintiff's Rule 56 request in light of the procedural history of her claims. Certainly if plaintiff's action had been pending here through the duration of this MDL, counsel's unsubstantiated assertion that a causation expert can yet be obtained would be unavailing. Plaintiff has not set forth the "specific facts" she hopes to elicit from discovery, or shown that the "facts sought exist." Family Home and Finance Center, Inc. v. Federal Home Loan Mortg., 525 F.3d 822, 827 (9th Cir. 2008). However, Rule 56 contemplates that the parties would have had a reasonable amount of time to conduct discovery and identify expert evidence, pursuant to a scheduling order. We do not require a party who filed her claims less than four months ago to meet the same standard in justifying a lack of necessary evidence.

This MDL was created to "promote the just and efficient conduct" of the member actions. See 28 U.S.C. § 1407(a). The Panel centralized this litigation to ensure that "pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties." Transfer Order at 2 (doc. 1). The just resolution of claims added to this MDL after the passage of major deadlines depends on Lead Counsel's adequate representation of plaintiff's interests prior to consolidation. Defendants note that as of the expert discovery deadline, fourteen MDL plaintiffs claimed their injuries arose from use of a Zicam oral product, five of whom used the Oral Mist product. See Motion at 3 n.2, 6 n.4. Nevertheless, plaintiffs failed to produce evidence related to the oral products.

We do not know why, notwithstanding other plaintiffs' assertion of oral products-related claims, Lead Counsel did not produce evidence of causation related to these products. However, it is worth noting that in deciding to centralize the Zicam actions, the Panel explained that the nine initial actions "share factual questions regarding, inter alia, the marketing and sale of three Zicam *nasal* cold remedy products." Transfer Order at 2 (emphasis added). The parties have not objected to the inclusion of claims related to oral products, but such actions were not part of the Panel's original conception of the MDL's breadth, and have not played a significant role in the proceedings. Neither defendants'

Daubert Motion nor Motion for Summary Judgment addressed the oral products. Therefore, the MDL plaintiffs' failure to produce evidence of causation related to the oral products does not necessarily reflect the merits of plaintiff's claims.

Given the focus in this MDL on the intranasal products, we cannot say that the proceedings here accommodated plaintiff's "legitimate discovery needs," and that a grant of summary judgment for defendants would be a just resolution of plaintiff's claims. See 28 U.S.C. § 1407; Transfer Order at 2. We believe plaintiff is entitled to a reasonable opportunity to conduct discovery and produce causation evidence. However, the discovery phase of the MDL has long since concluded. Accordingly, we will recommend that the Panel remand this action to the United States District Court for the Northern District of Texas.

Therefore, **IT IS ORDERED DENYING** defendant's motion for summary judgment (doc. 1446).

DATED this 6th day of July, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge