**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation. | No. 09-md-2096-PHX-FJM<br>**ORDER** |
| THIS DOCUMENT RELATES TO:<br>Adjal, et al. v. Matrixx Initiatives, Inc., et al.,<br>No. CV-10-0729 | |

The court has before it defendant Matrixx Initiatives's motion for an award of attorneys' fees (doc. 1373), plaintiff's response (doc. 1390), and defendant's reply (doc. 1401). Defendant requests $40,266.00 in fees.

**I**

This motion follows defendants' "Motion to Dismiss For Plaintiffs' Failure To Comply With Court-Ordered Discovery" (doc. 1162). Defendants initially sought to dismiss over 100 plaintiffs, but following some of the parties' entry into a settlement agreement, the motion only applied to ten plaintiffs (doc. 1339). We granted in part and denied in part the motion, denying it as to the six Adjal plaintiffs because they addressed their discovery deficiencies after defendants filed their motion. See Order on Motion to Dismiss at 4 (doc. 1363). We explained that plaintiffs' belated compliance enabled defendants to address the substance of plaintiffs' claims, and that the alternative sanction of an award of fees and costs

is adequate.[1]  Id. at 5.  Defendants have complied with LRCiv 54.2(d) by including a statement of consultation confirming that parties were unable to resolve disputed fee issues (doc. 1373-2), an affidavit and explanation of fees (doc. 1373-1), and a task-based itemized statement of fees and expenses (doc. 1373-3).

We may impose fees as a sanction for failing to comply with court-ordered discovery, pursuant to Rule 37(b)(2)(C), Fed. R. Civ. P. ("[C]ourt must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").  The fees must be reasonable and caused by plaintiffs' failure to engage in discovery.  Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir. 1993).  We base our award on a reasonable rate and number of hours worked. Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000).  Our local rules provide a list of factors for determining the reasonableness of the fees requested.  See LRCiv 54.2(c)(3).

## II

Defendant requests $40,266.00 in fees.  Counsels' rates varied from $225.00 to $450.00 per hour for attorneys, and $65.00 to $160.00 for contract attorneys and paralegals. Plaintiffs do not contest the rates.  Based on the billing information provided and our familiarity with the legal market, we conclude that the hourly rates are reasonable.

## III

With respect to the six Adjal plaintiff, counsel state that they worked 10.6 hours, at a cost of $2,223.50, "to send two, sometimes three, letters to seek compliance and to warn plaintiffs of their deficient or delinquent responses and the potential need for motion practice and risk of sanctions."  Motion at 5.  Counsel then worked 112.6 hours, at a cost of $35,367.50, to draft a motion to dismiss for failure to comply with discovery, a reply to the

---

[1] We also denied defendants' motion to dismiss plaintiff Carl Schnabl, party to Adams, et al v. Matrixx Initiatives, Inc., et al., No. CV-09-1529.  See Order on Motion to Dismiss at 4.  Defendants state that because plaintiff Schnabl subsequently opted into the settlement, they do not seek fees from him.  Motion at 3.

1 response, and a related status report. Counsel assert that although that work pertained to
2 other non-complying plaintiffs as well, "approximately the same effort and attorney time
3 would have been required had the motion been made against only these six plaintiffs."
4 Motion at 5–6. Finally, counsel worked 10.7 hours, for a total of $2,675.00, to prepare the
5 application for fees.

6 Plaintiffs are willing to pay for the 10.6 hours spent addressing their particular
7 deficiencies. However, they argue that they should not be made to pay the entire cost of the
8 motion to dismiss, which involved over 150 plaintiffs. Response at 1. They argue that those
9 bills are vastly out of proportion with plaintiffs' admitted deficiencies.[2]

10 We agree that plaintiffs should not be liable for the entire cost of preparing the motion
11 to dismiss. While we indicated that an assessment of attorneys' fees would be an appropriate
12 sanction for the Adjal plaintiffs in lieu of dismissal of their claims, it does not follow that
13 they alone must pay defendants' costs associated with all noncompliant plaintiffs. We do not
14 accept defendant's contention that it would have invested the same resources in the motion
15 were it to be brought with respect to only six plaintiffs. Certainly, the cost/benefit analysis
16 would have been different, and not merited the same expenditure.

17 But even assuming defendants would have agreed to a similar expenditure to dismiss
18 only these plaintiffs, counsels' billing records explicitly refute their contention that
19 "approximately the same effort and attorney time would have been required had the motion
20 been made against only these six plaintiffs." Motion at 4–5. The records are replete with
21 entries showing that the motion would have required less work had only the Adjal plaintiffs
22 been involved. Counsel spent time reviewing the records of the hundreds of plaintiffs in this
23 MDL, combing through their discovery to identify supporting exhibits, preparing a motion
24 for leave to file enlarged briefs due to "the large number of separate plaintiffs addressed in

---

[2] Plaintiffs have not complied with LRCiv 54.2(f), requiring that they "identify with specificity all disputed issues of material fact and shall separately identify each and every disputed time entry or expense item." We review the reasonableness of the fees in light of our own experience.

- 3 -

the motion" (doc. 1130), communicating with counsel for other plaintiffs, and preparing the status report for the court. See <u>Itemized Statement of Fees</u>, entries of A. Stepanian of 9/15/2010 (reviewed reports for delinquent discovery and researched the MDL docket), 9/17/10 (communicated with a database consultant on a discovery report), 11/5/10 (reviewed reports about delinquent plaintiffs), 11/15/10 (reviewed case statistics, prepared exhibits listing all delinquent plaintiffs, reviewed new responses, and prepared a motion for enlarged briefing), 11/19/10 (reviewed billing records of affected cases), 1/25/11 (identified plaintiffs who did not respond to the motion), 1/26/11 (drafted motion for enlarged reply brief), and 1/27/11 (compiled exhibits for the reply brief); entries of K. Cosner of 11/05/10 (exchanged emails about evidence of deficiency for the brief), 11/08/10 (documented deficiencies and identified plaintiffs subject to motion), 11/12/10 (met regarding the deficiency letters and began preparing a motion for an enlarged brief), 11/15/10 (worked on enlarging the brief), 11/17/10 (conducted a conference for counsel for other plaintiffs), 1/21/11 (reviewed "multiple responses"), 1/25/10 (assessed which plaintiffs against whom motion was moot); and entry of A. Lazarus of 2/3/11 (reviewed status report on pending cases).

Given the complexities of this MDL, it is impossible to determine exactly which fees may be attributed to the six Adjal plaintiffs' discovery deficiencies. Based on our experience with matters of this kind, we believe that a total award of $8,223.50 is appropriate. This reflects the uncontested $2,223.50 for work on the deficiency letters, $5,000 for preparing the motion to dismiss, and $1,000 for preparing the application for fees.

**IV**

**IT IS ORDERED GRANTING** defendant's motion for award of attorneys' fees (doc. 1373). **IT IS ORDERED** that defendant Matrixx Initiatives is awarded $8,223.50 in fees, imposed against plaintiffs Mahieddine Adjal, Joseph D'Amico, Jr., Krista Edwards, Kevin Murray, Diane Nygard, and Joseph Rubbo.

DATED this 6th day of July, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 4 -