**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

IN RE: Zicam Cold Remedy Marketing,)    No. 09-md-2096-PHX-FJM
Sales Practices, and Products Liability)
Litigation.                                 )    **ORDER**
_____ )
                                         )
THIS DOCUMENT RELATES TO:     )
                                         )
All Personal Injury Actions.          )
_____ )

The court has before it defendants' "Request for Certification Pursuant to 28 U.S.C. § 1292(b)" (doc. 1473), plaintiffs' response (doc. 1489), and defendants' reply (doc. 1494).

Defendants request that we certify for immediate review our Order denying defendants' motion for summary judgment (doc. 1470). We concluded "that to establish general causation, plaintiffs need not prove a toxic dosage of Zicam." Summary Judgment Order at 9 (doc. 1470). Instead, we required plaintiffs to present "sufficient evidence from which a reasonable person could conclude that it is more probable than not that Zicam caused their anosmia." Id. Defendants argue that this conclusion was in error.

We may certify an order that is not otherwise appealable when the order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) where immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Courts disfavor interlocutory appeals, and we may use the statutory authorization for immediate appeal in only exceptional circumstances. In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1982); see also

1  <u>James v. Price Stern Sloan, Inc.</u>, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). "The requirements

2  of § 1292(b) are jurisdictional" and certification is a "narrow" exception to the final

3  judgment rule. <u>Couch v. Telescope Inc.</u>, 611 F.3d 629, 633 (9th Cir. 2010).

4          There is no dispute that the "toxic dose" issue is a controlling question of law.

5  Plaintiffs conceded that they did not present evidence of the quantity of Zicam necessary to

6  cause anosmia, and therefore, had we required plaintiffs to present such evidence, they could

7  not have met their general causation burden.  It is also possible that an immediate appeal

8  could "materially advance the ultimate termination of the litigation."  A determination that

9  plaintiffs' failure to show the toxic dose entitles defendants to summary judgment on general

10 causation could lead to the dismissal of the remaining cases in this MDL.

11         However, we deny defendants' motion because there is no "substantial ground for

12 difference of opinion" regarding our toxic dose conclusion.  28 U.S.C. § 1292(b).  A

13 substantial ground exists where "the circuits are in dispute on the question and the court of

14 appeals of the circuit has not spoken on the point" or "if novel and difficult questions of first

15 impression are presented." <u>Couch</u>, 611 F.3d at 633 (quoting 3 <u>Federal Procedure</u>, Lawyers

16 Edition § 3:212 (2010)).  We have noted that the majority of courts that have considered the

17 issue of general causation in the context of pharmaceutical products liability litigation have

18 not required a toxic dose showing. <u>See</u> <u>Summary Judgment Order</u> at 8.  Defendants cited

19 only two decisions that directly supported their contention that the toxic dose showing that

20 is typically required in environmental exposure cases ought to be applied to products liability

21 litigation. <u>See</u> <u>McClain v. Metabolife Intern., Inc.</u>, 401 F.3d 1233, 1241 (11th Cir. 2005);

22 <u>In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.</u>, 524 F. Supp. 2d 1166

23 (N.D. Cal. 2007).  Neither of those decisions is binding on this court.  Defendants' assertion

24 that we ought to institute a new standard by obligating plaintiffs to establish an element that

25 most courts have not required does not justify certification.  "[J]ust because a court is the first

26 to rule on a particular question or just because counsel contends that one precedent rather

27 than another is controlling does not mean there is such a substantial difference of opinion as

28 will support an interlocutory appeal." <u>Couch</u>, 611 F.3d at 633.  A "dearth of cases" is not

1  sufficient to give rise to a substantial ground for difference of opinion.  Id. at 634 (citing

2  Union County, Iowa v. Piper Jaffray & Co., Inc., 525 F.3d 643, 647 (8th Cir. 2008)).

3        In addition, defendants contend that we improperly failed to apply the substantive law

4  of each state of plaintiffs' residency.  See Motion at 4.  This argument is unavailing for two

5  reasons.  First, in contending that plaintiffs must show a toxic dose, defendants did not rely

6  on the law of particular states.  See Motion for Summary Judgment at 18 (doc. 1374).

7  Failure to argue the issue on summary judgment is fatal to raising it now.  Second, we do not

8  see how the United States Court of Appeals for the Ninth Circuit is in any better position

9  than we are to evaluate the toxic dose issue with respect to the laws of seven states, none of

10 which is in the Ninth Circuit.  We recognize the expense involved in litigating in several

11 different districts and, possibly, circuits.  However, the MDL process is intended to promote

12 the just and efficient conduct of the member actions, and requires that this court

13 "uncomplicate matters."  In re Phenylpropanolamine (PPA) Products Liability Litig., 460

14 F.3d 121, 1232 (9th Cir. 2006).  If defendants believe the general causation analysis and

15 results should vary by state, the toxic dose issue may be more appropriately resolved through

16 appeal from final judgment in the transferor forums.

17        Therefore, **IT IS ORDERED DENYING** defendants' request for certification (doc.

18 1473).

19        DATED this 15th day of July, 2011.

20

21        _____
                    Frederick J. Martone
22                  Frederick J. Martone
                  United States District Judge

23

24

25

26

27

28