**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation. <br><br> THIS DOCUMENT RELATES TO: <br><br> Carla Henry v. Matrixx Initiatives, Inc., et al., No. CV 10-2082-PHX-FJM <br><br> and <br><br> Nicolin Dedecker v. Matrixx Initiatives, Inc., et al., No. CV 11-0041-PHX-FJM. | No. 09-md-2096-PHX-FJM <br><br> **ORDER** |

The court has before it defendants' motion to dismiss with prejudice the claims of plaintiff Carla Henry <u>Carla Henry v. Matrixx Initiatives, Inc., et al.</u>, No. CV 10-2082-PHX-FJM, and Nicolin Dedecker, <u>Nicolin Dedecker v. Matrixx Initiatives, Inc, et al.</u>, No. CV 11-0041-PHX-FJM (doc. 1486) and defendants' reply (doc. 1501). Plaintiffs have not responded, and the time to do so has passed.

Defendants served all personal injury plaintiffs with a plaintiff fact sheet ("PFS") and discovery on whether plaintiffs "sniffed" the Zicam product. <u>Case Management Order 2</u> requires every personal injury plaintiff to complete the PFS, and return it within forty-five days of receipt (doc. 398). If a plaintiff fails to serve a completed PFS, defendants' lead counsel must send a warning letter to plaintiff's counsel requesting compliance within fifteen days. If plaintiff does not then respond, defendants may move for appropriate relief. Plaintiffs Henry and Dedecker have not provided responses to any discovery served by

defendants. Defendants have sent two letters to plaintiffs advising them of the deficiencies. We previously granted plaintiffs' counsel's motions to withdraw based on plaintiffs' failure to respond to counsel's repeated attempts to elicit discovery responses. Order of March 25, 2011 (doc. 1396); Order of April 28, 2011 (doc. 1441).

We may dismiss an action where a party fails to obey a court order on discovery. Fed. R. Civ. P. 37(b)(2)(A)(v); In re Phenylpropanolamine (PPA) Products Liability Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). As an MDL court, our discretion to dismiss is broadened by our responsibility to "promote the just and efficient conduct of actions that are coordinated or consolidated for pretrial purposes." In re Phenylpropanolamine, 460 F.3d at 1252. In addition, plaintiffs' failure to respond to this motion is grounds for dismissal. LRCiv 7.2(i) (if "counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.").

Therefore, in accordance with plaintiffs' ongoing refusal to participate and with their decision not to oppose defendants' motion, we dismiss plaintiffs' claims with prejudice. And while thorough analysis of the five-factor test for dismissal for failure to comply with discovery is impossible without plaintiffs' responses to defendants' motion, a brief analysis makes plain that dismissal is appropriate. See In re Phenylpropanolamine, 460 F.3d at 1226 (listing five factors to be considered prior to dismissal). First, "the public's interest in expeditious resolution of litigation" favors dismissal. Plaintiffs have ignored repeated opportunities to comply with court orders, and have shown no interest in prosecuting their claims. Second, our need to manage our docket supports dismissal. We have made clear that the timely cooperation of all parties is vital to the management of such complex litigation. Third, defendants have been prejudiced by plaintiffs' delays in providing the requested discovery responses. Defendants lack basic information about plaintiffs' alleged injuries. Fourth, while public policy favors disposition of these claims on their merits, plaintiffs' refusal to participate renders such a resolution impossible. Finally, a less drastic sanction would not be effective. Plaintiffs have ignored repeated warnings that their failure to

cooperate could lead to dismissal of their claims (including from their own lawyers), and there is no reason to believe an additional warning would lead to a different result.

**IT IS THEREFORE ORDERED GRANTING** defendants' motion to dismiss the claims of plaintiffs Carla Henry and Nicolin Dedecker (doc. 1486). **IT IS FURTHER ORDERED DISMISSING** <u>Carla Henry v. Matrixx Initiatives, Inc., et al.</u>, No. CV 10-2082-PHX-FJM, and <u>Nicolin Dedecker v. Matrixx Initiatives, Inc, et al.</u>, No. CV 11-0041-PHX-FJM with prejudice.

DATED this 5th day of August, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge