**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation. </br>_____ </br>THIS DOCUMENT RELATES TO: </br>All actions. </br>_____ | No. 09-md-2096-PHX-FJM </br>**ORDER** |

Pursuant to Judicial Panel on Multidistrict Litigation Rule 10.1(b), we recommend that the Panel remand to the transferor courts the remaining actions pending in In Re: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation.

The Panel created this MDL on October 9, 2009. Transfer Order (doc. 1). The Panel centralized nine actions, based on its determination that they shared "factual questions regarding, inter alia, the marketing and sale of three Zicam nasal cold remedy products and injuries sustained by the use and/or purchase of those products, particularly whether the products cause anosmia (the loss of sense of smell)." Id. at 2. Since then, a total of 252 actions have been consolidated, including 209 actions transferred from outside the District of Arizona. Plaintiffs' claims relate to three "intranasal" products: Zicam Cold Remedy Nasal Gel, Zicam Cold Remedy Nasal Swabs, and Zicam Cold Remedy Swabs, Kids Size. The MDL involves both personal injury actions, involving allegations that plaintiffs' use of the intranasal products caused smell dysfunction, and economic injury actions, in which plaintiffs claim economic losses associated with purchase of the products. We appointed

Andrew S. Friedman of Bonnett, Fairbourn, Friedman & Balint, and Thomas Rosenfeld of Goldenberg Heller Antognoli & Rowland, as Lead Counsel for the Economic Injury plaintiffs, and Charles Zimmerman of Zimmerman Reed as Lead Counsel for the Personal Injury plaintiffs. Order of March 1, 2010 (doc. 182). We appointed William J. Maledon and David B. Rosenbaum of Osborn Maledon, Alan J. Lazarus of Drinker Biddle & Reath, and Paul J. Giancola of Snell & Wilmer as Lead Counsel for all defendants. Id.

We approved the settlement of all economic injury class actions. Order of May 27, 2011 (doc. 1465). Pursuant to Rule 23(b)(3), Fed. R. Civ. P., for the purpose of settlement we certified a class of persons in the United States who purchased a Zicam intranasal product between January 1, 1999 and October 19, 2010 and claim that the products were not safe. We dismissed plaintiffs' claims related to the efficacy of the products without prejudice, so that they could be resolved in Hohman v. Matrixx Initiatives, Inc., No. CV 09-3693, pending in the United States District Court for the Northern District of Illinois. We dismissed the remainder of plaintiffs' claims, based on the products' safety, with prejudice. The settlement requires that if a Zicam Cold Remedy Intra-Nasal Product is to be re-introduced, the labels will contain language regarding adverse effects required by the U.S. Food and Drug Administration, and that prior to reintroduction, plaintiffs' counsel will receive the proposed labeling. Plaintiffs' counsel received $150,000 in fees.

For the personal injury actions, we granted in part and denied in part defendants' motions to exclude the opinions of four of plaintiffs' experts (their "Daubert motion"). Order of February 24, 2011 (doc. 1360). We admitted the opinions of Dr. Greg Davis, an Assistant Professor of Otolaryngology, about (1) the diffuse location of olfactory tissue in the nose, and (2) the toxicity of Zicam. Id. at 19. We admitted the opinions of Dr. Ashim Mitra, a Professor of Pharmacy, about (1) the distribution and deposition of Zicam within the nasal cavity, (2) the principle of diffusion, and (3) the effect of the preservative benzalkonium chloride on the absorption of Zicam. Id. at 23. We admitted the opinions of Dr. Steven Pike, a physician, about the toxicity of Zicam to olfactory epithelium and its potential to cause anosmia, but excluded his reliance on certain studies. Id. at 28. We admitted the opinions

of Dr. Jay Sirois, the director of a pharmaceutical development consulting firm, about (1) product labeling, (2) FDA regulations, (3) industry monitoring standards, and (4) the biologic plausibility of Zicam causing anosmia. Id. at 37.

Also in relation to the personal injury actions, we denied defendants' motion for summary judgment on the issue of general causation. Order of June 3, 2011 (doc. 1470). We concluded that the toxic dose showing typically required in environmental exposure actions is not applicable to plaintiffs' products liability claims, and so plaintiffs did not have to demonstrate the toxic dosage of Zicam. Rather, they had to present "sufficient evidence from which a reasonable person could conclude that it is more probable than not that Zicam caused their anosmia." Id. at 9. We then concluded that based on plaintiffs' evidence of Zicam's toxicity, the distribution and reach of Zicam within the nasal cavity, and the location of olfactory epithelium within the nose, there remains an issue of material fact as to whether Zicam can cause smell dysfunction at the level of exposure which plaintiffs experienced. Id. at 13–14.

Nearly all the personal injury claims have been settled. Pursuant to the parties' settlement agreement, we dismissed with prejudice the claims of 360 plaintiffs. See Order of July 7, 2011 (doc. 1495); Order of July 26, 2011 (doc. 1500). Several other actions were dismissed pursuant to the parties' stipulations. See Order of Oct. 25, 2010 (doc. 1021) (dismissing plaintiff Charlene Gardner from Gardner, et al. v. Matrixx Initiatives, Inc., et al., No. CV 10-0787); Order of Nov. 18, 2010 (doc. 1143) (dismissing plaintiff Lois Hobbs from Gardner, et al. v. Matrixx Initiatives, Inc., et al., No. CV 10-0787); Order of Dec. 7, 2010 (doc. 1218) (dismissing certain plaintiffs from Marilyn Adams, et al. v. Matrixx Initiatives, Inc., et al., No. CV 09-1529); Order of Dec. 10, 2010 (doc. 1238) (dismissing Sharon Davis, et al. v. Matrixx Initiatives, Inc., et al., No. CV 10-0164); Order of May 13, 2011 (doc. 1460) (dismissing Callier v. Matrixx Initiatives,Inc., et al., No. 11 CV-0254). We also dismissed several plaintiffs for failure to comply with court-ordered discovery. See Order of Feb. 24, 2011 (doc. 1363) (dismissing Vance v. Matrixx Initiatives, Inc. et al., No. CV 10-1637, and plaintiffs Glen Dunn and Russell Hill of Adams v. Matrixx Initiatives, Inc., et al., No. CV

09-1529); Order of Aug. 5, 2011 (doc. 1502) (dismissing Adjal, et al. v. Matrixx Initiatives, Inc., et al., No. CV 10-0729); Order of Aug. 5, 2011 (doc. 1503) (dismissing Henry v. Matrixx Initiatives, Inc., et al., No.10 CV-2082, and Dedecker v. Matrixx Initiatives, Inc, et al., No. 11 CV-0041). We also remanded to the County Court of Calhoun County, Texas Mikolas v. Matrixx Initiatives, et al., No. CV 10-1233. Order of Sept. 1, 2010, (doc. 814). We dismissed Stone v. Walgreen Co., No. CV 11-0948, as duplicative. Order of July 6, 2011 (doc. 1492).

We denied defendants' motion for summary judgment on plaintiff Doris Raub's claims. Order of July 6, 2011 (doc. 1491). Unlike the majority of plaintiffs in this MDL, plaintiff Raub's claims arose out of her use of an oral Zicam product. Because discovery and briefing here has focused on the intranasal products, we recommend that Raub v. Zicam LLC, et al., No. CV 11-056 be remanded to the transferor forum for all further proceedings.

Having completed consolidated pretrial proceedings and resolved all dispositive motions, we recommend that the Panel remand the below listed actions to the transferor forums.

| No. | Case No. | Case Name | Transferor Forum |
|---|---|---|---|
| 1 | CV 09-2301 | Michael D. Nelson v. Matrixx, et al. | N. D. Cal. |
| 2 | CV 10-0915 | Jackie Leeds v. Matrixx, et al. | D. Utah |
| 3 | CV 10-1196 | Britteny N. Stone v. Matrixx, et al. | E. D. Va. |
| 4 | CV 10-1961 | Karen D. Lundgren v. Matrixx, et al. | D. Utah |
| 5 | CV 11-0325 | Glenn Cathey, Jr. v. Matrixx, et al. | W. D. Tex. |
| 6 | CV 11-0560 | Rodney Bednarz v. Matrixx, et al. | N. D. Tex. |
| 7 | CV 11-0561 | Doris Raub v. Matrixx, et al. | N. D. Tex. |
| 8 | CV 11-0751 | Justin Sullivan v. Matrixx, et al. | C. D. Cal. |
| 9 | CV 11-0837 | Robin T. Reffitt v. Matrixx, et al. | S. D. Ohio |
| 10 | CV 11-1129 | Glen Mciver v. Matrixx, et al. | W. D. Okla. |
| 11 | CV 11-1230 | Dennis Pucci v. Matrixx, et al. | D.N.J. |
| 12 | CV 11-1264 | Christopher T. Witt v. Matrixx, et al. | N. D. Ill. |
| 13 | CV 11-1287 | Ronald Adams v. Matrixx, et al. | S. D. Ohio |

All non-case specific discovery has been completed. All dispositive motions have been resolved. All <u>Daubert</u> issues have been resolved. Transferor judges need only set dates for the completion of modest, if any, case-specific discovery, final supplementation under Rule 26(a)(3), Fed. R. Civ. P., filing of a proposed pre-trial order, final pre-trial conference and firm trial date. <u>See</u> <u>Rule 16 Scheduling Order</u>, dated March 10, 2010 (doc. 183).

DATED this 9th day of August, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge